606 So.2d 580 (1992)
Joseph W. GALLIANO, Sr. and Linda C. Galliano, his wife,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
No. 92-CA-350.
Court of Appeal of Louisiana, Fifth Circuit.
September 29, 1992.
Donald M. Pierce, Pierce & Bizal, Venus Masakowski, New Orleans, for plaintiffs/appellants Joseph W. Galliano, Sr. and Linda C. Galliano, his wife.
Lynn H. Frank, Anthony J. Clesi, Jr., Ward & Clesi, New Orleans, for defendant/appellee State Farm Mut. Auto. Ins. Co.
Before GRISBAUM, WICKER and CANNELLA, JJ.
CANNELLA, Judge.
Plaintiffs, Joseph W. Galliano and his wife, Linda Galliano, individually and on behalf of their deceased son, Joseph W. Galliano, Jr., appeal from a judgment rendered in favor of their uninsured motorist (UM) carrier, defendant, State Farm Mutual Automobile Insurance Company (State Farm), granting defendant's Motion for Summary Judgment and dismissing defendant from the lawsuit. For the reasons which follow, we affirm.
*581 On October 5, 1989 Joseph W. Galliano, Jr., plaintiffs' nineteen year old son, was driving his 1982 Toyota automobile on Interstate 10, eastbound, when he was struck head-on by a vehicle driven by Elaine White. White was intoxicated and driving west in the eastbound lanes of Interstate 10. Joseph W. Galliano, Jr. was killed in the accident. His Toyota was insured by Old Hickory Insurance Company, but he had waived the UM coverage under that policy. He resided with his parents. At the time of the accident, plaintiffs had three other automobiles, insured by three other policies with State Farm, each with UM coverage of $50,000.
Plaintiffs sued State Farm, contending that they are entitled to recover under the UM portion of one of their policies.[1] Defendant filed a Motion for Summary Judgment, arguing that they did not provide coverage. Following argument, the district court granted defendant's Motion for Summary Judgment, finding that defendant was entitled to judgment as a matter of law, and dismissed defendant from the lawsuit.
The statutory provisions concerning UM coverage were enacted in 1962 and are found in La.R.S. 22:1406(D) and its subsections. La.R.S. 22:1406(D)(1)(a)(i) requires that all automobile liability insurance, delivered or issued for delivery in this state, provide UM coverage equal to the amount of the liability coverage, unless rejected in writing by the named insured. This legislation was intended to promote full recovery of damages for innocent accident victims by making UM coverage available, as primary protection, when the tortfeasor is without insurance and, as additional coverage, when the tortfeasor is inadequately insured. Sharp v. Daigre, 555 So.2d 1361 (La.1990); Hoefly v. Government Employees Insurance Co., 418 So.2d 575 (La.1982). The purpose of the UM statute is "to protect the insured at all times against the generalized risk of damages at the hands of uninsured or underinsured motorists." Howell v. Balboa, 564 So.2d 298 (La.1990); Jones v. Henry, 542 So.2d 507 (La.1989). Policy provisions purporting to narrow UM coverage have been invalidated. Block v. Reliance Ins. Co., 433 So.2d 1040 (La. 1983); Niemann v. Travelers, Ins. Co., 368 So.2d 1003 (La.1979); Sharp v. Daigre, supra; Seaton v. Kelly, 339 So.2d 731 (La. 1976).
Limitations on UM coverage are only valid where they are authorized by statute. The question presented in this case is whether the limitation provided in the 1988 amendment to La.R.S. 22:1406(D)(1)(e) is applicable to this case to limit the plaintiffs' right of recovery against their UM insurer.
La.R.S. 22:1406(D)(1)(e) provides:
(e) The uninsured motorist coverage does not apply to bodily injury, sickness, or disease, including death of an insured resulting therefrom, while occupying a motor vehicle owned by the insured if such motor vehicle is not described in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy. This provision shall not apply to uninsured motorist coverage provided in a policy that does not describe specific motor vehicles.
Plaintiffs' argument, that La.R.S. 22:1406(D)(1)(e) should not block their recovery from defendant, is twofold. First, they argue that the provision was enacted to prevent "selection" of UM coverage from several available sources.[2] In this case, their son had rejected UM coverage on the automobile he was driving, leaving only the UM coverage provided by defendant. Thus, it is argued that there is no question of selection here since defendant provided the only UM coverage.
*582 Plaintiffs' second argument points out that Howell v. Balboa Ins. Co., 564 So.2d 298 (La.1990) was rendered well after the 1988 addition of subsection (e) and nevertheless provided:
We expressly hold that UM coverage attaches to the person of the insured, not the vehicle, and that any provision of UM coverage purporting to limit insured status to instances involving a relationship to an insured vehicle contravenes LSA-R.S. 22:1406(D). In other words, any person who enjoys the status of insured under a Louisiana motor vehicle liability policy which includes uninsured/underinsured motorist coverage enjoys coverage protection simply by reason of having sustained injury by an uninsured/underinsured motorist.
Based on this language, plaintiffs contend that their recovery against their UM carrier should not be barred because of their son's relationship to a vehicle.
Defendant contends that the statutory provision is clear and specifically applies to this case. Defendant relies on three cases from other circuits, contending that all three have applied La.R.S. 22:1406(D)(1)(e) to similar factual circumstances, and denied coverage. Hood v. Irwin, No. 92-CW-0083, (La.App. 1st Cir.1992), writs denied, 600 So.2d 687 (La.1992); Haltom v. State Farm Co., 588 So.2d 792 (La.App. 2nd Cir.1991); Maloney v. State Farm, 583 So.2d 12 (La.App. 4th Cir.1991), writs denied 586 So.2d 544 (La.1991). Finally, defendant points out that Howell v. Balboa, supra, relied on by plaintiffs, was not addressing this particular provision, but concerned another subsection, La.R.S. 22:1406(D)(1)(c)(ii). Therefore, the language used therein is not dispositive of this case, where specific legislation provides for a contrary result. We agree with defendant's position.
La.R.S. 22:1406(D)(1)(e), added by a 1988 amendment, became effective September 9, 1988 and is applicable to the accident here, which occurred on October 5, 1989. The statute is clear and provides that UM coverage does not apply to injuries of "an insured while occupying a motor vehicle owned by the insured if such motor vehicle is not described in the policy under which a claim is made ..." This clearly covers the case before us, where Joseph W. Galliano, Jr. was injured while driving an automobile which he owned and which was not listed in the State Farm policy.
Plaintiffs make an valiant argument that the provision was enacted in response to a case that allowed "selection" of coverage. However, the language adopted does more than simply prevent selection. Rather, it precludes coverage entirely in the given situation.
Furthermore, the language used in Howell v. Balboa, supra, while appearing helpful to plaintiffs, is not controlling when in conflict with direct statutory mandates to the contrary. Howell did not consider the provision involved here, but concerned a different provision and is not dispositive of this case.
Finally, as pointed out by defendant, this issue has been considered by three other circuits, all of which applied the statutory provision and denied coverage. We find these decisions persuasive.
Therefore, we find that La.R.S. 22:1406(D)(1)(e) precludes plaintiffs' recovery from their UM carrier, State Farm. Accordingly, we affirm the judgment of the district court granting defendant's Motion for Summary Judgment, with costs of appeal to be paid by plaintiffs.
AFFIRMED.
NOTES
[1] Plaintiffs previously compromised their claim against White and her insurer for the applicable policy limits.
[2] This argument is based on the fact that the 1988 amendment to La.R.S. 22:1406(D)(1)(e) was enacted at the legislative session following the Supreme Court opinion in Wyatt v. Robin, 518 So.2d 494 (La.1988). Wyatt held that the insured could select, from several available UM policies, the one under which he preferred to recover, and that this "selection" was not prohibited by the "antistacking" provision, La.R.S. 22:1406(D)(1)(c).