617 So.2d 132 (1993)
Paul F. CASHIO, Jr.
v.
COLONIAL LLOYD'S, a Louisiana Lloyd's Plan Insurers Partnership, Robert Gustafson, State Farm Mutual Auto. Ins. Co. & Liberty Lloyds.
No. 92-CA-1037.
Court of Appeal of Louisiana, Fifth Circuit.
March 30, 1993.
*133 John David Cassanova, Metairie, for plaintiff-appellant.
James S. Thompson, Dan Dorsey, New Orleans, George W. Pugh, Jr., Metairie, Jeanne L. Billings, New Orleans, for defendants-appellees.
Before GAUDIN, DUFRESNE and WICKER, JJ.
DUFRESNE, Judge.
Plaintiff, Paul F. Cashio (Cashio) appeals the trial court's decision granting defendant, State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment. We affirm.
Cashio filed suit because of an automobile accident which occurred on March 19, 1990, against Robert Gustafson, Gustafson's liability insurer, Colonial Lloyds, and Cashio's two UM insurers, State Farm and Liberty Lloyds. At the time of this accident, State Farm had issued a single policy of UM insurance coverage which covered a 1989 Chevrolet pickup truck. However, on the date of this accident, Cashio was operating his 1982 Chevrolet one-ton flatbed truck, which was not listed on the State Farm policy as an insured vehicle, and in fact, was insured by another insurer, Liberty Lloyds.
State Farm filed a Motion for Summary Judgment contending that State Farm's policy and the Louisiana UM statute, specifically LSA-R.S. 22:1406(D)(1)(e), explicitly excludes UM coverage under these circumstances. The trial court initially denied State Farm's motion, however, after this court ruled on supervisory writs that State Farm's policy and LSA-R.S. 22:1406(D)(1)(e) precluded coverage and recovery; the trial court reversed its prior decision, and granted State Farm's Motion for Summary Judgment dismissing State Farm from this lawsuit.
On appeal, Cashio argues that UM coverage can no longer be linked to a vehicle, that any person who has the status of an insured under a Louisiana motor vehicle insurance policy which includes UM coverage shall have coverage because of the reason of an accident with an uninsured or underinsured motorist.
State Farm argues that its policy language is clear, "There is no coverage for bodily injury to an insured while occupying a motor vehicle owned by the insured if it is not your car or a new acquired car." Further, LSA-R.S. 22:1406(D)(1)(e), states that:
Uninsured motorist coverage does not apply to bodily injury ..., while occupying a motor vehicle owned by the insured if such motor vehicle is not described in the policy under which a claim is made or is not a newly acquired or replacement motor vehicle, covered under the terms of the policy.
At the time of this accident, Cashio was operating his vehicle which was not described (or named) in the State Farm policy, nor was it a newly acquired or replacement vehicle covered under the terms of the policy. In fact, the record reveals that the vehicle was insured by another insurer.
We find that LSA-R.S. 22:1406(D)(1)(e) was enacted and the policy terms written to preclude and prohibit the inequity that may result if one could purchase UM coverage on one owned vehicle, but collect should he be injured in any other owned vehicles. Galliano v. State Farm Mutual Automobile Insurance Company, 606 So.2d 580 (La.App. 5th Cir.1992).
Accordingly, we affirm the decision of the trial court, granting State Farm's Motion for Summary Judgment, and dismissing Cashio's lawsuit against State Farm.
AFFIRMED