LANDRIEU, Judge.
Appellants, Lelia Moorman, wife of/and, Rodney Moorman, individually and on behalf of their minor children, Kristy Moorman and Rodney Moorman, Jr., appeal the dismissal of their uninsured motorist (UM) carrier, defendant Allstate Insurance Company (Allstate), from the lawsuit on a motion for summary judgment granted in favor of Allstate. We are asked to determine whether the automobile liability policy issued to Rodney Moorman provided UM coverage to Mr. Moorman while operating a motorcycle he owned but which was not listed as an insured vehicle under Allstate’s policy.
FACTS
On or about August 8,1990, Rodney Moor-man, while heading in an easterly direction on St. Claude Avenue on his 1983 Motoguzzi 850 motorcycle, was struck by a 1990 Mercu *1268 ry Sable as he attempted to cross the intersection of Lizardi Street. The Moormans filed a personal injury suit against the Hertz Corporation (Hertz), the owner of the vehicle, William Ranson, the lessee ofjjthe vehicle, Norris Favaroth (minor), the operator of the vehicle,[1] and Allstate Insurance Company, the Moormans’ alleged UM insurer.
At the time of the accident, Progressive Insurance Company had in effect a policy of liability insurance on the motorcycle. However, that policy did not include uninsured/underinsured motorist coverage. As a result, the plaintiffs seek to recover under a policy of insurance issued by Allstate Insurance Company to Mr. and Mrs. Moorman.
The policy issued by Allstate listed only two vehicles as insured, a 1986 Astro Van and a 1984 Camaro. The 1983 Motoguzzi Motorcycle was not listed as an insured vehicle under that policy. Alleging that on the date of the accident they did not provide uninsured motorist coverage to Rodney Moorman while operating his 1983 Motoguzzi motorcycle, Allstate filed a motion for summary judgment. Appellants admit that the motorcycle operated by Mr. Moorman at the time of the accident did not meet the definition of an “insured auto” under their policy.
Following a hearing, the trial court granted summary judgment in favor of Allstate dismissing the claims of the Moormans against Allstate.
DISCUSSION
Appellants contend that Allstate’s policy provided UM coverage to Mr. Moorman while operating his 1983 Motoguzzi Motorcycle even though it was not listed as an insured vehicle. Under the terms of that policy, UM coverage is available if the person claiming the coverage is an “insured person” and the damage to the “insured person” is the result of an uninsured motorist.
IsThere is no dispute that Mr. Moorman was hit by an uninsured motorist who was driving an uninsured auto. The question presented is whether or not the plaintiffs were “insured persons” under their Allstate policy.[2]
Appellants argue that there is a provision in Allstate’s policy excluding certain insured persons from UM coverage and since Mr. Moorman is not excluded by that provision, he is therefore included under the UM provision for this accident. That provision reads as follows:
Exclusions — What is not covered This coverage does not apply to an insured person while in, on, getting into or out of a vehicle you own which is insured for this coverage under another policy.
The fact that this provision does not specifically exclude plaintiffs from coverage does not mean they are included, especially where there is a statutory exclusion. La.Rev.Stat. Ann. § 22:1406(D)(l)(e) (West pre-1989 amendment) states that
[t]he uninsured motorist coverage does not apply to bodily injury ..., while occupying a motor vehicle owned by the insured if such motor vehicle is not described in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy.
A review of Allstate’s policy reveals that UM coverage is limited to each insured motor vehicle listed on the declarations page. At the time of the accident, Mr. Moorman was operating a motorcycle which was not described (or named) in Allstate’s policy, nor was it a newly acquired or replacement vehicle covered under the terms of the policy. Moreover, Mr. Moorman admitted that his *1269 motorcycle was insured by another insurer which did not provide "UM coverage.
Section 1406(D)(1)(e) was enacted to preclude the inequity that may result if an individual could purchase UM coverage on one owned vehicle, but collect should he be injured in any other owned vehicles. See Galliano v. State Farm Mutual Automobile Ins. Co., 606 So.2d 580 (La.App. 5th Cir.1992); Cashio v. Colonial Lloyds, 617 So.2d 132 (La.App. 5th Cir.), writ denied 617 So.2d 1174 (La.1993). To allow the Moormans to recover under Allstate’s policy would entice individuals to only list one vehicle and pay a policy premium for that one vehicle, but recap the benefits of coverage on all vehicles owned. This statute was enacted to prevent that from occurring.
Accordingly, the judgment of the trial court granting Allstate’s motion for summary judgment, and dismissing the Moormans’ lawsuit against Allstate is affirmed.
AFFIRMED.

. Mr. Favaroth had the express permission of Mr. Ranson to drive the vehicle when the accident occurred.

. According to Allstate’s policy, insured persons are defined as follows:
(1)While using your insured auto:
(a) you,
(b) any resident, and
(c)any other person using it with your permission.
(2) While using a non-owned auto:
(a) you,
(b) any resident relative using a four wheel private passenger auto or utility auto.
(3) Any other person or organization liable for the use of an insured auto if the auto is not owned or hired by this person or organization.