646 So.2d 1209 (1994)
Betty SHACKELFORD, Wife of/and Roy Shackelford
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
No. 94-CA-514.
Court of Appeal of Louisiana, Fifth Circuit.
November 29, 1994.
Raymond C. Burkart, Jr., New Orleans, for plaintiffs/appellants, Betty Shackelford, Wife of/and Roy Shackelford.
William Ryan Acomb, Porteous, Hainkel, Johnson & Sarpy, New Orleans, for defendant/appellee, State Farm Mut. Auto. Ins. Co.
Before GAUDIN and DUFRESNE, JJ., and JOHN C. BOUTALL, J. Pro Tem.
JOHN C. Boutall, Judge Pro Tem.
Plaintiffs/appellants, Betty Shackleford, wife of and Roy Shackelford, appeal the dismissal of their suit against defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), by summary judgment. We affirm.

FACTS
On August 19, 1992, the plaintiff, Betty Shackelford, was struck by an underinsured motorist while occupying her 1989 Ford Tempo. She suffered injuries to her neck and back as a result of the accident. At the time of the accident, she was listed as an *1210 insured driver on two automobile policies. The first was with Metropolitan Insurance Company ("Metropolitan"), with whom plaintiffs had an automobile liability policy; the 1989 Tempo was insured for liability purposes only under this policy. In the present suit, plaintiffs claim that Mr. Shackelford unknowingly waived UM coverage with Metropolitan. That claim does not concern us here. A second policy under which appellants claim coverage in this appeal was issued by appellee, State Farm, to "The Estate of Lee H. Clark". Mr. Clark is the plaintiff's deceased father, and plaintiff (allegedly) is an insured driver under this policy.[1]
The only vehicle listed under the Clark policy was a 1984 van, which was not involved in the accident, and which was housed at that time at the home of plaintiff's father. Plaintiff made a claim under the uninsured/underinsured motorist provisions of the State Farm policy. Following denial of the claim by State Farm, plaintiffs filed the present suit.
State Farm moved for summary judgment based on La.R.S. 22:1406(D)(1)(e). The trial court found that the language of the statute precluded coverage entirely in this situation and granted judgment in favor of appellee. Plaintiffs appeal.

ANALYSIS
La.R.S. 22:1406(D)(1)(e) reads as follows:
(e) The uninsured motorist coverage does not apply to bodily injury, sickness, or disease, including death of an insured resulting therefrom, while occupying a motor vehicle owned by the insured if such motor vehicle is not described in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy. This provision shall not apply to uninsured motorist coverage provided in a policy that does not describe specific motor vehicles.
It is undisputed that Mrs. Shackelford was injured while occupying her 1989 Tempo; that State Farm did not insure that vehicle; but that State Farm did insure a van not involved in the accident, and not housed at the residence of plaintiffs. Although Mrs. Shackelford claims to have had "possession" of the van, it is clear from the depositions submitted by defendant in connection with the motion for summary judgment that the van was seldom used by anyone and that plaintiff's regular vehicle was the Tempo, which she acquired in 1991 from their son.
Under the terms of the State Farm policy, a newly acquired car means "a car newly owned by you or your spouse if it (1) replaces your car; or (2) is an added car...." A "temporary substitute car" is defined as a car "not owned by you or your spouse, if it replaces your car for a short time ... Your car has to be out of use due to its breakdown, repair, servicing, damage or loss." The Shackelford auto does not meet the definition of a newly acquired or temporary substitute vehicle under the policy definitions. Within the ambit of UM coverage, the policy has the following limitation:
THERE IS NO COVERAGE:
2. For bodily injury to an insured while occupying a motor vehicle owned by the insured if it is not your car or a newly acquired car.
The above language substantially incorporates the limitation enunciated in La.R.S. 23:1406(D)(1)(e). This Court upheld the validity of that statute in Galliano v. State Farm Mutual Auto. Ins. Co., 606 So.2d 580 (La.App. 5 Cir.1992). In that case we upheld the granting of a summary judgment in similar circumstances; there, an insured driver was precluded from coverage under policies which did not describe the vehicle in which he was killed. We stated there:
Limitations on UM coverage are only valid where they are authorized by statute. The question presented in this case is whether the limitation provided in the 1988 amendment to La.R.S. 22:1406(D)(1)(e) is applicable to this case to limit the plaintiffs' right of recovery against their UM insurer.
* * * * * *

*1211 Defendant contends that the statutory provision is clear and specifically applies to this case. Defendant relies on three cases from other circuits, contending that all three have applied La.R.S. 22:1406(D)(1)(e) to similar factual circumstances, and denied coverage. Hood v. Irwin, No. 92-CW-0083, (La.App. 1st Cir.1992), writs denied, 600 So.2d 687 (La.1992); Haltom v. State Farm Co., 588 So.2d 792 (La.App. 2nd Cir.1991); Maloney v. State Farm, 583 So.2d 12 (La.App. 4th Cir.1991), writs denied 586 So.2d 544 (La.1991). Finally, defendant points out that Howell v. Balboa, supra [564 So.2d 298 (La.1990)], relied on by plaintiffs, was not addressing this particular provision, but concerned another subsection, La.R.S. 22:1406(D)(1)(c)(ii). Therefore, the language used therein is not dispositive of this case, where specific legislation provides for a contrary result. We agree with defendant's position.
La.R.S. 22:1406(D)(1)(e), added by a 1988 amendment, became effective September 9, 1988 and is applicable to the accident here, which occurred on October 5, 1989. The statute is clear and provides that UM coverage does not apply to injuries of "an insured while occupying a motor vehicle owned by the insured if such motor vehicle is not described in the policy under which a claim is made ..." This clearly covers the case before us, where Joseph W. Galliano, Jr. was injured while driving an automobile which he owned and which was not listed in the State Farm policy.
Plaintiffs make an valiant argument that the provision was enacted in response to a case that allowed "selection" of coverage. However, the language adopted does more than simply prevent selection. Rather, it precludes coverage entirely in the given situation.
Furthermore, the language used in Howell v. Balboa, supra, while appearing helpful to plaintiffs, is not controlling when in conflict with direct statutory mandates to the contrary. Howell did not consider the provision involved here, but concerned a different provision and is not dispositive of this case.
Finally, as pointed out by defendant, this issue has been considered by three other circuits, all of which applied the statutory provision and denied coverage. We find these decisions persuasive.
See also Cashio v. Colonial Lloyd's, 617 So.2d 132 (La.App. 5 Cir.1993).
Plaintiffs strenuously argue that the facts of the present case are not factually analogous to Galliano and, thus, that case should not control. The differences pointed out by plaintiffs are non-essential ones which do not alter the determination. The fact, that Mrs. Shackelford did not reside at her father's home where the van was located and did not own the van insured by defendant, does not change the effect of the clear and unambiguous wording of the statute, precluding UM coverage for a vehicle not listed in a policy.
Appellate courts review summary judgments de novo, under the same criteria which govern the district court's consideration of the appropriateness of summary judgment. Code of Civil Procedure art. 966(A) directs that plaintiff or a defendant in the principal or any incidental action, with or without supporting affidavits, may move for summary judgment in his favor for all or part of the relief for which he has prayed. Judgment on the motion is properly granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show there is no genuine issue of material fact and the mover is entitled to summary judgment as a matter of law. LSA-C.C.P. art. 966(B). The mover has the burden of establishing that no material fact exists.

South Central Bell Telephone Co. v. Ka-Jon Food Stores of Louisiana, Inc., 637 So.2d 133 (La.1994) (citations omitted).
Under the circumstances of the present case, we find that there is no issue of material fact regarding the automobiles listed under the State Farm policy, and under the clear wording of La.R.S. 23:1406(D)(1)(e), defendants are entitled to judgment as a matter of law. The judgment of the trial court is *1212 affirmed. Costs of this appeal are taxed to appellants.
AFFIRMED.
NOTES
[1] The declarations sheet in the record does not show plaintiff as a listed driver. However, State Farm does not appear to dispute her status as an insured driver under the policy.