DUFRESNE, Judge.
This appeal arises out of an automobile accident in which plaintiff allegedly sustained personal injuries. James Howell filed suit against Balboa Insurance Company seeking recovery in damages under provisions of his mother’s uninsured motorist policy. American Home Assurance Company was also named as a defendant as the excess insurance carrier and the State of Louisiana, through the Department of Transportation and Development on a separate theory of negligence which is not at issue for purposes of this appeal. Balboa is the only defendant in this appeal.
Balboa denied coverage and filed a motion for summary judgment which was sustained by the trial court, dismissing Howell’s lawsuit with prejudice. From this judgment Howell now appeals.
On November 24, 1985, Howell was a guest passenger in a 1974 Volkswagon automobile owned and operated by Jamie Bartholomew. Allegedly Ms. Bartholomew lost control of her vehicle while attempting to maneuver a curve on Louisiana Highway 308 near Thibodaux, Louisiana, and her vehicle left the road and rolled over onto its roof in a nearby field. Bartholomew’s vehicle was underinsured in as much as the limits of her liability policy were insufficient to compensate Howell for his damages.
Howell instituted this lawsuit against Balboa pursuant to the uninsured provisions of an automobile insurance policy which Balboa had issued to Howell’s mother, Shirley Howell.
At the time of the accident, Howell was a student at Nicholls State University in Thi-bodaux and was not residing with his mother. Balboa moved for summary judgment of Howell’s demand because there was no uninsured motorist coverage available to Howell under its policy provisions.
Howell contends that a genuine issue of material fact exists as to whether he was insured under his mother’s uninsured motorist coverage, and at least the court erred by not liberally construing the uninsured policy finding its terms are contrary to public policy.
Howell was domiciled in Metairie with his mother. Although away from his home while attending Nicholls State Univ-eristy in Thibodaux, Howell’s claim to uninsured coverage is his alleged status as a “family member”, as defined in the policy.
In Clark v. Harris, 522 So.2d 673, (La.App. 5th Cir.1988), we interpreted a similar definition of “family member” and there found the plaintiff therein was a resident of his father’s household, since it was a place to which he was entitled to return for convenience, without obtaining permission and that he intended to return.
We hold that Howell was a “family member” of his mother’s household for purposes of uninsured motorist coverage. However, we focus our attention on whether as a “family member” occupying a non-owned, underinsured vehicle was Howell covered under his mother’s policy with Balboa?
Balboa’s policy provides coverage for a non-owned automobile but only while it is being used by the insured or a family member. The general provisions in the policy defines “used” as operating, main-
*787 tabling, loading or unloading. There is no reference or mention of guest passengers in non-owned automobiles. There is no dispute as to the facts here that Howell was allegedly injured while a guest passenger in Ms. Bartholomew’s automobile. Although the trial judge did not give reasons we find no dispute here as to the pertinent facts and no error of law in the granting of Balboa’s Motion for Summary Judgment.
We are bound to give legal effect to the terms of insurance policies according to the true intent of the parties. Their intent is to be determined from the words of the policy when they are clear, explicit, and lead to no absurd consequence. Miller v. Duther, 470 So.2d 500 (La.App. 1st Cir. 1985). The clear and explicit wording of the uninsured provisions of Balboa’s insurance policy excludes Howell from any coverage whatsoever under the facts in this case.
Appellant’s further argument that Balboa’s policy is contrary to public policy has no merit. R.S. 22:1406(D) provides that uninsured/underinsured motorist protection be provided to those persons insured under the policy terms. The purpose of the statute to protect insureds who become innocent victims of uninsured/under-insured motorists’ negligence. Jones v. Henry, 542 So.2d 507 at 508 (La.1989) and cases cited therein.
Here the appellant was not an insured under the terms of his mother’s policy with Balboa.
We find no error of law with the judgment of the trial court and accordingly, we affirm.
AFFIRMED.