564 So.2d 298 (1990)
James HOWELL
v.
BALBOA INSURANCE COMPANY, American Home Insurance Company, and the State of Louisiana, Department of Transportation and Development.
No. 90-C-0339.
Supreme Court of Louisiana.
June 29, 1990.
*299 René A. Curry, Jr., New Orleans, for James Howell, plaintiff-applicant.
Charles V. Guilbault, New Orleans, Daryl J. Daigle, Lake Charles, for Balboa Ins. Co., defendant-respondent.
SHORTESS, Justice Pro Tem.
James Howell (plaintiff) filed suit for damages against Balboa Insurance Company (Balboa), American Home Assurance Company, and the State of Louisiana, Department of Transportation and Development, following a single vehicle accident in which he was a guest passenger. The vehicle, a 1974 Volkswagen, was owned and being operated by Jamie A. Bartholomew. The accident occurred in the early morning hours of November 24, 1984, on Louisiana Highway 308, a two-lane highway, in Lafourche Parish. Bartholomew lost control of her vehicle, left the roadway, and turned *300 over in a ditch. Plaintiff suffered injuries to his left leg and knee, necessitating surgery.
The only issue before us is whether a summary judgment granted in favor of Balboa by the trial court and affirmed by the court of appeal is correct. See Howell v. Balboa Insurance Co., 554 So.2d 785 (La.App. 5th Cir.1989).
Balboa issued a policy of liability insurance covering a 1982 Chevrolet automobile owned by Shirley C. Howell, plaintiff's mother. She was listed as the insured on the policy. The policy also provided uninsured/underinsured motorist (UM) coverage as required by LSA-R.S. 22:1406(D) and afforded insured status to:
a family member while occupying an insured automobile, or, while not occupying a motor vehicle, when struck by an uninsured motor vehicle.
The automobile in which plaintiff was injured was neither owned by Shirley Howell nor designated on the policy; however, under the policy language a "non-owned automobile" qualified as an insured vehicle when "used" by either the insured or a family member.[1]
The court of appeal found that plaintiff was a "family member" within the scope of the policy. An affidavit submitted in response to the motion for summary judgment recites that plaintiff "lived and resided with his mother, Shirley C. Howell, at the family residence," and that although he was attending Nicholls State College at the time of the accident, he returned to the family residence on a regular basis, on holidays and at the conclusion of school sessions. These facts have not been controverted by Balboa. We find no manifest error in the court of appeal's finding that plaintiff was a "family member" pursuant to the policy language. See Earl v. Commercial Union Ins. Co., 391 So.2d 934 (La.App. 2d Cir.1980); Clark v. Harris, 522 So.2d 673 (La.App. 5th Cir.1988).
There appears to be no dispute that plaintiff was not "using" the Bartholomew automobile at the time of this accident within the meaning of Balboa's policy; however, plaintiff asserts that the restrictive definition of "use" contravenes the Louisiana Motor Vehicle Safety Responsibility Law, more specifically, LSA-R.S. 32:900, and the UM provisions of LSA-R.S. 22:1406(D). The appellate court affirmed the summary judgment. It held that even though UM coverage is for the protection of the insured: "Balboa's policy provides coverage for a non-owned vehicle but only while it is being used by the insured or a family member." It concluded that the definition of "use" in the policy "excludes Howell from any coverage whatsoever under the facts of this case." Howell, 554 So.2d at 787. This reasoning oversimplifies the issue presented to us, i.e., CAN the policy limit insured status in such a restrictive manner?
At the outset we must note that it is not clear whether Balboa was authorized to transact business in this state. Its answer recites that it is "a foreign insurance corporation authorized to do and doing business in the Parish of Jefferson, State of Louisiana." The policy, filed into the record with the motion for summary judgment, strongly suggests that it is not.[2] It remains at *301 this juncture a question of fact, but is not material inasmuch as LSA-R.S. 22:1406(D) applies to any policy issued in this state through a state-licensed broker covering a state-based automobile. Veal v. Interstate Fire and Casualty Co., 325 So.2d 795 (La. 1976). The affidavit accompanying the policy shows a broker based in Jefferson Parish, and the policy clearly insures a state-based automobile. The policy language, therefore, must conform to the mandate of LSA-R.S. 22:1406(D).
The purpose of the UM statute is "to protect the insured at all times against the generalized risk of damages at the hands of uninsured motorists." Jones v. Henry, 542 So.2d 507, 508 (La.1989) (citing Block v. Reliance Insurance Co., 433 So.2d 1040 (La.1983)). The courts of this state have recognized, both impliedly and explicitly, that this coverage cannot be qualified by a requirement of a relationship with an insured vehicle. See, e.g., Elledge v. Warren, 263 So.2d 912, 918 (La.App. 3d Cir.), writ denied, 262 La. 1096, 266 So.2d 223 (1972) ("[t]here is no requirement in the statute that the insured have any relation, at the time of the accident, with any vehicle he owns and that is insured with the insurer") (emphasis added); Griffin v. Armond, 358 So.2d 647, 649 (La.App. 1st Cir. 1978) ("the intent of the statute ... [is] to provide protection to an insured who becomes the innocent victim ... even though the insured may be riding in a vehicle which is not insured under his own insurer's policy"); Hastings v. International Service Insurance Co., 490 So.2d 656, 659 (La.App. 1st Cir.), writ denied, 493 So.2d 1223 (1986) ("[u]ninsured motorist coverage protects an insured without regard to whether the insured is in, or intends to enter, the insured vehicle"). See also Fisher v. Morrison, 519 So.2d 805 (La.App. 1st Cir.1987) (holding a "public conveyance" exclusion invalid under the UM statute; the exclusion was necessarily connected to a particular use of the insured vehicle). Compare Stewart v. Robinson, 521 So.2d 1241 (La.App. 3d Cir.), writ granted, 526 So.2d 785, appeal dismissed by parties, No. 88-C-1116 (La. Nov. 21, 1988).
The rationale that UM coverage cannot be made dependent upon a relationship with an insured vehicle has been followed almost uniformly by those courts of the various states with UM provisions not significantly different from our own. See, e.g., State Farm Mutual Automobile Ins. Co. v. Jackson, 462 So.2d 346 (Ala.1984) (construing Ala.Code § 32-7-23 (1975)); Frank v. Horizon Assurance Co., 553 A.2d 1199 (Del.1989) (construing Del.Code Ann. tit. 18 § 3902 (1974)); Zobrist v. Farmers Insurance Exchange, 103 Nev. 104, 734 P.2d 699 (1987) (construing Nev.Rev.Stat. Ann. § 647B.145 (1978)); Welch v. State Farm Mutual Automobile Ins. Co., 122 Wis.2d 172, 361 N.W.2d 680 (1985) (construing Wis.Stat.Ann. § 632.32(4) (West 1975)); Sanders v. St. Paul Mercury Ins. Co., 148 Vt. 496, 536 A.2d 914 (1987) (construing Vt.Stat.Ann. tit. 23 § 941 (1987)); Employers Mutual Casualty Co. v. McKeon, 159 Ariz. 111, 765 P.2d 513 (1988) (en banc) (construing Ariz.Rev.Stat.Ann. § 20-259.01 (1965)); Chavez v. State Farm Mutual Automobile Ins. Co., 87 N.M. 327, 533 P.2d 100 (1975) (construing N.M.Stat.Ann. § 64-24-105 (1953)); Zelko v. Parsons, 29 Ohio App.3d 302, 505 N.E.2d 271 (1985) (construing Ohio Rev.Code Ann. § 3937.18 (Anderson 1989)); Dupree v. Doe, 772 S.W.2d 910 (Tenn.Ct.App.1988) (construing Tenn.Code Ann. § 56-7-1201 (1989)); and Jernigan v. Progressive American Ins. Co., 501 So.2d 748 (Fla.Dist.Ct.App.1987) (construing Fla.Stat.Ann. § 627.727 (West 1984)). Compare Clark v. State Farm Mutual Automobile Ins. Co., 743 P.2d 1227 (Utah 1987) (construing Utah Code Ann. §§ 31A-22-302, 31A-22-305 (1986) (repealed)).
We expressly hold that UM coverage attaches to the person of the insured, not the vehicle, and that any provision of UM coverage purporting to limit insured status to instances involving a relationship to an insured vehicle contravenes LSA-R.S. 22:1406(D). In other words, any person who enjoys the status of insured under a *302 Louisiana motor vehicle liability policy which includes uninsured/underinsured motorist coverage enjoys coverage protection simply by reason of having sustained injury by an uninsured/underinsured motorist.
For these reasons the summary judgment is reversed, and the matter is remanded to the Twenty-Fourth Judicial District Court for further proceedings consistent herewith. Costs of this appeal are taxed to Balboa.
REVERSED AND REMANDED.
DENNIS and MARCUS, JJ., concur.
LEMMON, J., concurs and assigns reasons.
COLE, J. respectfully dissents. The policy provisions clearly preclude coverage and are not contrary to public policy.
LEMMON, Justice, concurring.
To qualify for insured status under the uninsured motorist coverage of Balboa's policy, plaintiff had to prove that he (a family member) was occupying an insured automobile. The policy definition of an insured automobile includes a non-owned automobile, but only while being used by the insured as defined in the policy. Public policy prohibits a policy definition of use which unduly restricts coverage (liability or uninsured motorist) to operating, maintaining, loading or unloading the vehicle being occupied by the person who otherwise qualifies as an insured.
NOTES
[1] To some extent the policy language is unclear. The policy in "Part IV," captioned "AUTOMOBILES INSURED," includes a "non-owned automobile... as defined in this part." The definition of "non-owned automobile" reads:

"an automobile not owned by, registered in the name of, furnished, or available for the regular or frequent use by you or a family member, provided such use is with the permission of the owner...."
The definition of "insured automobile," however, also found in Part IV, reads:
"[i]nsured automobilemeans ... a non-owned automobile, but only while it is being used by you or a family member."
The "GENERAL PROVISIONS" section of the policy provides the following definition of "used":
"use, usedmeans operating, maintaining, loading or unloading."
[2] The initial cover page, reflecting coverage for the policy period November 4, 1985, through November 4, 1986, does not contain an endorsement that appears on a second cover page (which was issued apparently when additional coverage was added to the policy) which reads: "[t]his policy is delivered as a surplus line coverage under the insurance code of the State of Louisiana. This contract of insurance is not issued by a company authorized to do business in Louisiana...."