| íPEATROSS, Judge.
This appeal arises from a grant by the trial court of summary judgment on behalf *452 of Defendant, Great American Insurance Company, the general liability insurance provider of Plaintiffs employer, Moore & Patron, Inc. For the reasons stated herein, we affirm.

FACTS AND PROCEDURAL HISTORY

On August 2, 1999, Plaintiff, Carol Tede-ton, was injured during her employment with Moore & Patron, Inc. (“the Garage”), an automobile service station. On that date, Brandy Simpson brought her car to the Garage to be serviced. Ms. Tedeton was assisting Ms. Simpson when Ms. Simpson caused the vehicle to accelerate and run over Ms. Tedeton. Ms. Tedeton suffered a broken leg which required several surgeries. Defendant, Great American Insurance Company (“GAIC”), provided the Garage with a commercial liability insurance policy which was in effect at that time.
On November 16, 1999, Ms. Tedeton filed suit against Ms. Simpson, a minor at that time, and Ms. Simpson’s father, David Simpson. On March 17, 2000, Ms. Tede-ton filed a first supplemental and amending petition in which she added GAIC as a defendant. GAIC denied that Ms. Tede-ton was an insured under the uninsured/underinsured motorist (“UM”) coverage which it provided to the Garage.
On September 18, 2000, GAIC filed a motion for summary judgment urging its position that Ms. Tedeton was not an insured under the policy it provided to the Garage.. On October 11, 2000, Ms. Tede-ton filed a motion for partial summary judgment asserting that she was an insured under the policy provided to her employer by GAIC. On November 3, 2000, the trial | ¡.court granted GAIC’s motion for summary judgment and dismissed Ms. Te-deton’s suit against it. Ms. Tedeton has appealed.

DISCUSSION

Summary Judgment

Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action allowed by law. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966; Banks v. State Farm Insurance Company, 30,868 (La.App.2d Cir.8/19/98), 717 So.2d 687.
The mover has the burden of establishing an absence of a genuine.issue of material fact. A fact is material if its existence or non-existence may be essential to the plaintiff’s cause of action under the applicable theory of recovery. Banks, supra; Curtis v. Curtis, 28,698 (La.App.2d Cir.9/25/96), 680 So.2d 1327. Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Taylor v. Rowell, 98-2865 (La.5/18/99), 736 So.2d 812; Banks, supra; Barron v. Webb, 29,707 (La.App.2d Cir.8/20/97), 698 So.2d 727; writ denied, 97-2357 (La.11/26/97), 703 So.2d 651.

UM Coverage

On appeal, Ms. Tedeton asserts that the UM coverage afforded by GAIC to the Garage should apply to her as an employee of the Garage. She contends that, although she may not qualify as an insured under the UM |3portion of the policy, she does qualify as an insured under the liability portion of the policy and is, therefore, entitled to UM coverage by virtue of Howell v. Balboa Insurance Company, 564 So.2d 298 (La.1990).
*453 In Howell, supra, the supreme court stated:
We expressly hold that UM coverage attaches to the person of the insured, not the vehicle, and that any provision of UM coverage purporting to limit insured status to instances involving a relationship to an insured vehicle contravenes La. R.S. 22:1406(D). In other words, any person who enjoys the status of insured under a Louisiana motor vehicle liability policy which includes uninsured/underinsured motorist coverage enjoys coverage protection simply by reason of having sustained injury by an uninsured/underinsured motorist. (Emphasis ours).[1]
Significantly, we find that the rule in Howell assumes that the person seeking UM coverage enjoys the status as an “insured person” under the applicable policy. In the case sub judice we do not find that Ms. Tedeton qualifies as an insured under either the liability or UM portions of the policy issued by GAIC to the Garage.
The vehicles that are covered by the policy are designated by codes on the declarations page of the policy under the column marked “covered autos.” The code listed in the space for “covered autos” under the liability coverage portion of the policy is the number 21, which is later defined in the policy to mean “any ‘auto.’ ” In the space for “covered autos” under the UM coverage portion of the policy is the number 22, which is later defined |4in the policy to mean “owned ‘autos’ only.” The remaining pertinent sections are as follows:
SECTION II — LIABILITY COVERAGE
1.Who is an insured
a. The following are “insureds for covered “autos”:
(1) You for any covered “auto.”
(2) Anyone else while using with your permission a covered “auto” you own, hire or borrow except:
(a) The owner or anyone else from whom you hire or borrow a covered “auto.” This exception does not apply if the covered “auto” is a “trailer” connected to a covered “auto” you own.
(b) Your “employee” if a covered “auto” is owned by that “employee” or a member of his or her household.
[[Image here]]
b. The following are “insureds” for “garage operations” other than covered “autos”:
(1) You.
(2) Your ... “employees,” ... but only while acting within the scope of their duties.
* * *
LOUISIANA UNINSURED MOTORISTS COVERAGE-BODILY INJURY
B. Who is an insured
1. You.
2. If you are an individual, any “family member.”
3. Anyone else “occupying” a covered “auto” or a temporary substitute for a *454 covered “auto.” The covered “auto” must be out of service because of its breakdown, repair, servicing, loss or destruction.
1K * * *
5. Anyone else “occupying” an “auto” you do not own and that is a covered “auto” under this coverage part for liability insurance and is licensed or principally garaged in Louisiana.
F. Additional Definitions
[[Image here]]
2. “Occupying” means in, upon, getting in, on, out or off.
We first address the qualifications of an insured under the UM provision of the policy. In interpreting an insurance policy, the court must determine the common intent of the parties. Carrier v. Reliance Insurance Co., 99-2573 (La.4/11/00), 759 So.2d 37; Louisiana Insurance Guaranty Association v. Interstate Fire & Casualty Company, 93-0911 (La.1/14/94), 630 So.2d 759.
An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion.
Id. Ambiguity is to be resolved by construing the policy as a whole.
Pursuant to the section entitled “Who is an insured,” under the UM endorsement section, we find, as did the trial court, that Ms. Tedeton does not qualify as an insured. She is not the insured or a family member of the insured. She was not “occupying” a “covered auto,” i.e., an owned auto, under the UM provision, nor was she “occupying” any vehicle as in B(5).
“Occupying” as defined in the UM endorsement means:
... in, upon, getting in, on, out or off.
In Valentine v. Bonneville Insurance Co., 96-1382 (La.3/17/97), 691 So.2d 665, the supreme court dealt with an identical definition of “occupying.” | fiIn that case, the supreme court analyzed and agreed with the outcome reached by the fourth circuit in Armstrong v. Hanover Insurance Co., 614 So.2d 312 (La.App. 4th Cir.1993), unit denied, 617 So.2d 908 (La.1993), in which the very same language had been used to define the term “occupying.” The supreme court noted that the fourth circuit looked at the specific wording of the policy at issue and used the general, ordinary, plain and popular meaning of the words used in the policy and determined that no coverage was afforded under the employer’s UM policy to the plaintiffs husband, a flagman who was struck and killed while directing traffic:
When the accident occurred the decedent was functioning as a flagman on the highway. His activity with respect to a tractor working on the side of the highway and a pick-up truck assigned to him cannot possibly be construed as “in” one of these vehicles, “upon” one, “getting in” one, “getting on” one, “getting out” one, or “getting off’ one without distorting the plain words of the policy.
We find the same to be true in the case sub judice. At no time prior to the accident could Ms. Tedeton be described as in, upon, getting in, getting on, getting out or getting off of the Simpson vehicle. See also Matthews v. Pete Mercer Construction, 33,085 (La.App.2d Cir.4/7/00), 758 So.2d 379, unit denied, 00-1218 (La.6/16/00), 764 So.2d 965, (flagman found not to be “occupying” the insured vehicle); and Washington v. Allstate Insurance Co., 499 So.2d 1255 (La.App. 4th Cir.1986) (Man whose battery was being charged by another vehicle did not “occupy” that vehicle; and he could not, therefore, recover *455 under its owner’s UM coverage when his vehicle was struck from behind by an uninsured motorist.) Ms. Tedeton, therefore, could not qualify as an insured under section B(5) of the UM endorsement.
|7We next address whether Ms. Te-deton qualified as an insured under the liability portion of the policy, which in turn would “attach” to her any afforded UM coverage under the policy to her. Howell, supra. Ms. Tedeton avers that she does qualify as an insured under section 1(b)(2) of the liability provision of the policy.
Section 1(b)(2) states that an employee of the insured, while engaged in garage operations, other than covered “autos, ” is an insured. The plain reading of this language reveals that this definition of an insured does not apply to Ms. Tedeton under these circumstances. This definition applies to any occurrence other than those involving automobiles. In reading the policy sections in pari materia, the plain language states that Section 1(a) of the liability portion of the policy specifically deals with occurrences involving automobiles and Section 1(b) deals with all other occurrences, not involving of automobiles, such as slip and falls, equipment accidents, chemical burns, etc.
Ms. Tedeton cites the case of Hobbs v. Rhodes, 95-1937 (La.App. 4th Cir.11/30/95) 667 So.2d 1112, writ denied, 96-0733 (La.5/3/96), 672 So.2d 691, which is factually similar to the case sub judice, as controlling. In that case, the plaintiff was walking across his employer’s property when he was struck by an uninsured motorist. The court found he was an insured under the liability portion of the policy and, therefore, afforded UM coverage in accordance with Howell, supra, and La. R.S. 22:1406. We disagree, however, and decline to follow Hobbs, supra.
IsThe fourth circuit found that Mr. Hobbs was an insured for the purposes of liability coverage under the very narrow and specific definition of an employee while moving property to or from a covered auto or while using his own vehicle. While we agree that, under those specific circumstances Mr. Hobbs was an insured, we do not agree that he was, therefore, an insured for all purposes. The reasoning in Hobbs, supra, is also questioned in McKenzie and Johnson, Louisiana Civil Law Treatise, Insurance Law and Practice, § 118 at pp. 38-39, wherein it is stated that the court failed to note that liability coverage was not generally extended to employees, but only under certain defined circumstances. We, therefore, choose not to make the leap from an insured for specific circumstances to an insured in all circumstances for purposes of UM coverage.
Finally, Ms. Tedeton urges that she is an insured under the endorsement to the policy, “Broadened Coverage — Garages,” Section A(l)(c). We find that Ms. Tede-ton’s interpretation of the language of this section is also incorrect.
The “Broadened Coverage” endorsement applies to “personal injury” and “advertising injury” for which an employee is an insured. The definition of “personal injury,” however, found in Section D, specifically excludes “bodily injury.” It is clear from the facts that Ms. Tedeton suffered “bodily injury” and is, therefore, not an insured under this endorsement.
In summary, we find that the trial court was correct in its conclusion that Ms. Te-deton was not an insured for purposes of liability or UM coverage. We note, however, that she is not without recourse as she is entitled to Workers’ Compensation.
I CONCLUSION
For the foregoing reasons, the judgment of the trial court granting the summary *456 judgment of Defendant, Great American Insurance Company, and dismissing Plaintiffs, Carol Tedeton’s, suit is affirmed. Costs are assessed to Plaintiff, Carol Tede-ton.
AFFIRMED.
NORRIS, C.J., concurs.

. This language, however, has been legislatively overruled insofar as it applies to an individual while occupying a motor vehicle owned by the insured, if such motor vehicle is not described in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy. La. R.S. 22:1406(D)(1)(e); Dardar v. Prudential Property & Casualty Insurance Co., 98-1363 (La.App. 1st Cir.6/25/99), 739 So.2d 330; writ denied, 99-2196 (La.11/12/99), 750 So.2d 195.