| Judge MIRIAM G. WALTZER.
Because the issue raised in this application for supervisory writ is clearly governed by state statute, and because properly applying the statute in question will end this litigation as to relator, we grant supervisory writs, reverse the ruling of the trial court denying relator’s motion for summary judgment, and remand for trial as to the remaining defendants.
STATEMENT OF FACTS
As a result of a two-vehicle accident that allegedly occurred on 3 March 2000 in Orleans Parish, Sharon and Michael Jones, Plaintiffs, sued Jai Soo Kim as the alleged tortfeasor, Allstate as Kim’s insurer, the City of New Orleans, State Farm Automobile Insurance Company as Plaintiffs’ UM7 UIM insurer of the 1988 Ford Pickup truck that Jones was then driving, and GEICO as UM/UIM insurer of a KIA Sportage vehicle also owned by Jones.
GEICO filed a Motion for Summary Judgment, alleging that UM coverage under the GEICO policy was inapplicable, arguing ■ that pursuant to LSA-R.S. 22:1406(D)(l)(e), Plaintiffs do not have UM7UIM coverage under the GEICO policy because the 1988 Ford pickup operated and owned by Michael Jones at the time of the accident was not listed on the GEICO policy. The trial court rendered judgment on 8 March 2002 denying GEICO’s Motion.
|,ANALYSIS
Summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment asa matter of law. LSA-C.C. P. art. 966. A fact is material when its existence or nonexistence may be essential to the plaintiffs cause of action under the applicable theory of recovery, potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of a legal dispute. Smith v. Our Lady of the Lake Hosp., Inc., 93-2612, p. 27 (La.7/5/94), 639 So.2d 730, 751. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for a trial on that issue and summary judgment is appropriate. Id. Appellate courts review summary judgments de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, p. 7 (La.2/29/00), 755 So.2d 226, 230. Consequently, the Court should grant supervisory jurisdiction.
The Louisiana legislature passed LSA-R.S. 22-1406(D)(l)(e) in 1988 as Act No. 203. The statute provides, inter alia:
The uninsured motorist coverage does not apply to bodily injury, sickness, or disease, including death of an insured resulting therefrom, while occupying a motor vehicle owned by the insured if such motor vehicle is not described in *334 the policy under which a claim was made. ... [Emphasis added]
The statute carves out an exception to the general rule stated in Howell v. Balboa Ins. Co., 564 So.2d 298, 301 (La.1990) that any person who is insured under a UM/ UIM policy enjoys coverage simply by reason of having sustained injury by an uninsured or underinsured motorist. The court held in that case that UM/UIM coverage attaches to the person of the | ¡¡insured, and not to the vehicle, and rejected policy language that would purport to limit UM/UIM status coverage to instances involving a relationship to an insured vehicle. The court found that such a limitation would contravene LSA-R.S. 22:1406(D).
This Court applied the Howell rationale in Hobbs v. Rhodes, 95-1937 (La.App. 4 Cir. 11/30/95), 667 So.2d 1112 finding UM/ UIM coverage for an employee who was not in a covered vehicle, but was walking across a job site’s yard area when he was struck by an uninsured motorist.
The facts in this case are undisputed: Michael Jones was driving his Ford at the time of the accident, and the Ford was not a named vehicle under the GEICO policy.
The trial court reasoned that Plaintiffs had paid for the coverage on each vehicle and that it would be inequitable to deny them the benefits of the policies for which they paid. The trial court also asserted that this Court has opined that Louisiana courts apply the principle that UM coverage does not follow the vehicle but attaches to the person, citing Votano v. Tulane and Broad Exxon, Inc., 95-1064 (La.App. 4 Cir. 11/30/95), 667 So.2d 1117. However, neither Votano nor Howell nor Hobbs, however, applies to this situation. None of these cases involved a plaintiff who comes within the narrow exception created by LSA-R.S. 1406(D)(1)(e), for a claimant who is, at the time of the accident, in a vehicle that is not listed in the insurer’s policy. Quite simply, the two insurers in the instant case undertook to protect against separate and discrete risks: Allstate for the Ford truck and GEICO for the KIA Sportage. While both policies would protect Jones when he is NOT in an owned but unlisted vehicle, the statute limits the liability of each insurer, when Jones is occupying an owned vehicle, to vehicles listed in the individual insurer’s particular policy.
| ¿Howell has been superseded by La. R.S. 22-1406(D)(l)(e), which specifically states that UM coverage does not apply to injury of the insured while the insured is occupying a vehicle owned by the insured but not described in the policy of insurance at issue. This principle is universally understood and accepted. See, Sandoz v. State Farm Mut. Auto. Ins., 620 So.2d 441 (La.App. 3 Cir.1993), Tedeton v. Simpson, 34,940 (La.App. 2 Cir. 08/22/01), 795 So.2d 451; Dardar v. Prudential Property & Cas. Ins., 98-1363 (La.App. 1 Cir. 06/25/99), 739 So.2d 330; and Earles v. Inchausti, 95-269 (La.App. 5 Cir. 05/10/95), 656 So.2d 1048. The policy under which Plaintiffs claim coverage herein describes the KIA, not the Ford. Under the plain terms of the statute, the Plaintiffs cannot collect uninsured motorist coverage under the KIA policy because Mr. Jones was occupying a vehicle not described in that policy.
Plaintiffs also argue that the insured need only be injured by an automobile driven by an uninsured/ underinsured motorist for coverage to apply. Plaintiffs, however, cite to a case decided by this Court discussing the applicability of automobile insurance to pedestrians injured by vehicles driven by uninsured/ underinsured motorists. Frois v. Bullock, 94-0061 (La.App. 4 Cir. 6/30/94), 639 So.2d 1218. Frois, like Hobbs, is not applicable to the *335 instant case because Mr. Jones was driving a vehicle, not walking, and that vehicle was not named in the GEICO policy.
For the foregoing reasons, we find that the specific issue raised by relator is controlled by statute, we reverse the decision of the trial court and remand the case for trial against the remaining defendants.
WRIT GRANTED; RULING OF TRIAL COURT REVERSED; RELATOR’S MOTION FOR SUMMARY JUDGMENT GRANTED; CASE REMANDED FOR TRIAL AGAINST REMAINING DEFENDANTS.