829 So.2d 1185 (2002)
James ST. PIERRE
v.
PERMANENT GENERAL ASSURANCE, et al.
No. 02-0497.
Court of Appeal of Louisiana, Third Circuit.
October 30, 2002.
*1186 James Harvey Domengeaux, Domengeaux, Wright, Moroux, Lafayette, LA, for Plaintiff/Appellant, James St. Pierre.
Edward O. Taulbee, IV, Taulbee & Escott, Lafayette, LA, for Defendant/Appellee, Louisiana Farm Bureau Ins. Co.
Court composed of NED E. DOUCET, JR., Chief Judge, MARC T. AMY and GLENN B. GREMILLION, Judges.
AMY, Judge.
After receiving injuries from a car wreck while driving an automobile owned by his employer, the plaintiff sought uninsured/underinsured ("UM") benefits under a policy covering his personal automobile. The defendant-insurer filed a motion for summary judgment alleging that the plaintiff's injuries were expressly excluded by the policy. After a contradictory hearing, the trial court granted the defendant's motion for summary judgment. The plaintiff appealed. For the following reasons, we affirm.

Factual and Procedural Background
This case arises out of an automobile accident in Breaux Bridge, Louisiana, on September 21, 1998. The plaintiff, James St. Pierre, was driving a 1997 Ford Crown Victoria northbound on Louisiana Highway 328. The plaintiff worked at this time as a deputy sheriff with the St. Martin Parish Sheriff's Office, and the 1997 Ford Crown Victoria was a police cruiser owned by the St. Martin Parish Sheriff's Office. The plaintiff's deposition provides that the plaintiff was furnished and assigned to use this particular 1997 Ford Crown Victoria and that the plaintiff would use this police cruiser for all of his patrols unless the automobile experienced mechanical failure.
On the date of the accident, the plaintiff was driving the 1997 Ford Crown Victoria while on duty as a deputy sheriff. As he approached an intersection, the plaintiff was struck from the rear by a 1991 Ford Explorer driven by Beau Branch. Thereafter, the plaintiff filed suit against Beau *1187 Branch, Permanent General Assurance, Mor-Tem Risk Management Services, Inc., and Farm Bureau Casualty Insurance Co. ("Farm Bureau"). Permanent General Assurance covered Mr. Branch as his liability insurer. The plaintiff sought recovery from Mor-Tem Risk Management Services, Inc. as "Third Party Administrator" for the Louisiana Sheriff's Association. Farm Bureau provided liability and UM insurance coverage to the plaintiff on his private vehicle, a 1995 Chevrolet Monte Carlo; and, the plaintiff was seeking recovery from Farm Bureau under the UM coverage.
The policy held by the plaintiff with Farm Bureau contains the following liability provisions:
PART I. LIABILITY
Coverage A, Bodily Injury and B, Property Damage
1. To pay on behalf of the insured all sums, except punitive and/or exemplary damages, which the insured shall become legally obligated to pay as damages:
Coverage A because of bodily injury sustained by any person, and
Coverage B because of injury or destruction of property,
caused by accident and arising out of the ownership, maintenance or use of the automobile described on the declarations, including loading and unloading thereof;
The policy further provides:
USE OF OTHER AUTOMOBILES
If the named insured is a named individual or husband or wife, and if during the policy period such named insured or the spouse of such individual, own a private passenger automobile or farm truck covered by this policy, such insurance as is afforded by this policy ... with respect to said automobile applied with respect to the use of any other automobile with permission of the owner, subject to the following provisions:
. . . .
(d) This insuring agreement does not apply:

(1) to any automobile owned by or furnished for regular use to either the named insured or a member of the same household.
(Emphasis added.) In addition, the Farm Bureau policy contains the following UM provisions:
PART IV. PROTECTION AGAINST UNINSURED/UNDERINSURED MOTORIST
Coverage U-Uninsured Motorist (Damages for Bodily Injury)
To pay all sums, except punitive and/or exemplary damages, which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured or underinsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called "bodily injury," sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile.
. . . .
Exclusions. This policy does not apply under Coverage U:

. . . .
(b) To any automobile or trailer owned by or furnished for the regular use of the named insured or a resident of the household and not described on the declarations.
(Emphasis added.)
The plaintiff negotiated a settlement with Permanent General. Subsequently, the plaintiff also settled with Mor-Tem Risk Management Services, Inc., reserving his rights against Farm Bureau. However, Farm Bureau denied UM coverage *1188 alleging that its policy provisions and exclusions do not provide coverage to the plaintiff under the circumstances of the September 1998 accident.
Farm Bureau filed a motion for summary judgment contending that the police cruiser operated by the plaintiff was one "furnished for regular use" and, therefore, excluded under the policy. The trial court granted Farm Bureau's motion. The plaintiff now appeals.

Discussion
When reviewing a summary judgment, the appellate court conducts a de novo review using the same criteria that governs the trial court's consideration. Smith v. Our Lady of the Lake Hosp., 93-2512 (La.7/5/94); 639 So.2d 730.[1]
La.Code Civ.P. art. 966(A)(2) provides:
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969.[2] The procedure is favored and shall be construed to accomplish these ends.
Additionally, La.Code Civ.P. art. 966(B) provides that a motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that [the] mover is entitled to [a] judgment as a matter of law." Further, applying Article 966 to the issue of insurance coverage, the Louisiana Supreme Court stated:
Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded.
Reynolds v. Selected Properties, Ltd., 93-1480, p. 2 (La.4/11/94); 634 So.2d 1180, 1183.
The plaintiff's submission indicates that he was acting in the course of scope of his employment at the time of the accident and that the 1997 Ford Crown Victoria was owned by the St. Martin Parish Sheriff's Office. The plaintiff also stated in his deposition that he was assigned to drive the automobile in which he had the accident and that he would always drive this automobile unless it experienced mechanical failure. In addition, the Farm Bureau policy liability and UM provisions contain an exclusion for the regular use of a non-owned automobile. The plaintiff's submission in opposition to the motion for summary judgment does not put those facts in dispute. Accordingly, there is no genuine issue of material fact, and this court must determine whether the regular use exclusions were effective as a matter of law.
The plaintiff asserts that the regular use exclusion is in conflict with Howell v. Balboa Insurance Co., 564 So.2d 298 (La.1990); and in turn, the plaintiff contends that summary judgment was inappropriate. In Howell, the Louisiana Supreme Court held:
UM coverage attaches to the person of the insured, not the vehicle, and that *1189 any provision of UM coverage purporting to limit insured status to instances involving a relationship to an insured vehicle contravenes LSA-R.S. 22:1406(D). In other words, any person who enjoys the status of insured under a Louisiana motor vehicle policy which includes [UM] coverage enjoys coverage protection simply by reason of having sustained injury by an uninsured/underinsured motorist vehicle.[3]
Id. at 301-02. The plaintiff argues that the above statement renders enforcement of the regular use exclusion of the UM provision against public policy.
On the other hand, Farm Bureau argues in its brief that this court should follow the first circuit's reasoning illustrated in Dardar v. Prudential Property & Casualty Insurance Co., 98-1363 (La.App. 1 Cir. 6/25/99); 739 So.2d 330, writ denied, 99-2196 (La.11/12/99); 750 So.2d 195. In Dardar, the first circuit held that an employer's pick-up truck, available for the employee's regular use, was not covered by the employee's personal automobile insurance policy. Dardar, 98-1363; 739 So.2d 330. After being struck by another automobile while driving a pick-up owned by his employer, an employee attempted to recover under an insurance policy on his personal automobile providing UM coverage. Id. However, the court found that the employer had furnished the pick-up truck for the employee's regular use. Id. The court also found that the employee's policy contained a clause that excluded coverage for any non-owned automobile available for the regular and frequent use of the insured. Id. Although the employee argued that such an exclusion was in conflict with the holding of Howell, the court found that Howell would only apply when a person enjoys the status of an insured.
Since the regular use of a non-owned vehicle was expressly excluded from coverage, the court found that the employee's insured status was never implicated. Id. Thus, the first circuit ruled that Howell was inapplicable and denied the employee's claim. Id.
Similarly, the plaintiff in this case is seeking to recover UM coverage on an insurance policy held on his personal automobile. Yet, the Farm Bureau policy liability and UM provisions both provide that the policy does not extend coverage to the insured's regular use of a non-owned vehicle. Like the first circuit in Dardar, we conclude that Howell is inapplicable to the case before us because the plaintiff never enjoyed the status of an insured under the Farm Bureau policy for the regular use of a non-owned automobile.
Further, this court has examined and ruled that regular use exclusions, such as provided in the policy at issue, do not violate public policy. See Sandoz v. State Farm Mut. Auto. Ins. Co., 620 So.2d 441 (La.App. 3 Cir.1993). Nor do we find any internal conflicts when reviewing the policy as a whole. See Gedward v. Sonnier, 98-1688 (La.3/2/99); 728 So.2d 1265. Consequently, this court must enforce the contract as written. See Succession of Fannaly v. Lafayette Ins. Co., 01-1144 (La.1/15/02); 805 So.2d 1134. Therefore, we conclude that the trial court properly enforced the regular use exclusion of the policy and affirm the summary judgment entered in favor of Farm Bureau.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of *1190 this appeal are assigned to the plaintiff, James St. Pierre.
AFFIRMED.
NOTES
[1] As one of the assignments of error, the plaintiff asserts that the trial court erroneously relied on Carrier v. Reliance Ins. Co., 99-169 (La.App. 3 Cir. 6/16/99); 742 So.2d 13. This court's de novo consideration of the parties' submission pretermits consideration of this assignment.
[2] La.Code Civ.P. art. 969(A) provides: "Judgments on the pleadings and summary judgments shall not be granted in any action for divorce or annulment of marriage, nor in any case where the community, paraphernal, or dotal rights may be involved in an action between husband and wife." (Emphasis added.)
[3] We are mindful that La.R.S. 22:1406(D) has been amended to, at least in some circumstances, legislatively overrule Howell. See Sandoz v. State Farm Mut. Auto. Ins. Co., 620 So.2d 441 (La.App. 3 Cir.1993).