926 So.2d 612 (2006)
Patrick CHESSER
v.
ROYAL & SUNALLIANCE INSURANCE COMPANY.
No. 05-CA-678.
Court of Appeal of Louisiana, Fifth Circuit.
March 14, 2006.
*613 James B. Guest, Kenner, Louisiana, for Plaintiff/Appellant.
Thomas J. Eppling, Alejandro E. Gomez, Staines & Eppling, Metairie, Louisiana, for Defendant/Appellee.
Panel composed of Judges JAMES L. CANNELLA, SUSAN M. CHEHARDY, and FREDERICKA HOMBERG WICKER.
JAMES L. CANNELLA, Judge.
The Plaintiff, Patrick Chesser (Chesser), appeals from the summary judgment granted in favor of his insurer, the Defendant, Royal and Sunalliance Insurance Company (Royal), finding that Royal did not provide uninsured/underinsured motorist (UM) coverage for Chesser under the facts of this case. For the reasons which follow, we reverse and remand.
On August 22, 2002, Chesser was involved in an automobile accident when the Freightliner Tractor that he was driving was rear-ended by a vehicle driven by Rebecca Williams (Williams). At the time of the accident Chesser was insured under an automobile liability policy with Royal in which he was the named insured and his Freightliner Tractor was a covered vehicle. A separate endorsement to the policy provided UM coverage. At the time of the *614 accident Chesser was operating his vehicle under a dispatch or contractor lease agreement with Triple G Express, Inc. (Triple G). Triple G was insured by Valley Forge Insurance Company (Valley Forge). Williams was insured by U.S. Agencies Insurance Company (U.S. Agencies). US Agencies paid its policy limits of $10,000 to Chesser. Chesser sought recovery for additional damages he sustained under the UM part of his policy with Royal.
Royal has disputed liability, contending that it does not provide UM coverage under the circumstances of this case, where the insured was under dispatch at the time of the accident. Liability coverage under the Royal policy is excluded while a "covered auto" is "under the direction, dispatch or control of a motor carrier." Therefore, Royal argues, since liability coverage would not have applied at the time of the accident, UM coverage did not apply either.
In response to Chesser's suit, Royal filed a motion for summary judgment arguing that it did not provide UM coverage. Chesser added Valley Forge as a defendant, claiming UM coverage under that policy. Valley Forge also filed a motion for summary judgment denying UM coverage. Following a hearing on the motions, the trial court granted summary judgment in favor of Royal, dismissing the claims against it, and denied Valley Forge's motion. Chesser appeals the dismissal of Royal.
On appeal Chesser argues that the trial court erred in granting summary judgment in favor of Royal. Chesser contends that the exclusion under the liability coverage section of the policy does not apply to exclude coverage under the UM section, especially here where the claimant is the named insured, the auto is the covered auto and the UM endorsement to the policy expressly covers "all sums the `insured' is legally entitled to recover as compensatory damages from the owner or driver of an `uninsured motor vehicle,'" without any exclusions. Moreover, Chesser points out that the Supreme Court has clearly held that UM coverage attaches to and follows the person of the insured, not the vehicle.
Royal takes the contrary position that where, as here, the policy provides no liability coverage, there is no UM coverage. It is not disputed that Chesser was under dispatch at the time of the accident and was, therefore, excluded from liability coverage under the policy.
It is well settled that summary judgments are reviewed on appeal de novo. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 750; Schroeder v. Board of Sup'rs. of Louisiana State Univ., 591 So.2d 342, 345 (La.1991). An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate, whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Smith, 639 So.2d at 750.
None of the parties assert that any genuine issues of material fact exist, and, after our review of the record, we find none. The issue is purely and simply one of law. So, we must determine, as a matter of law, whether UM coverage for Chesser was excluded under the policy Royal issued to him, and, if so, that Royal is entitled to summary judgment.
Under Louisiana's UM statute, La. R.S. 22:1406(D)[1], automobile liability *615 insurance delivered or issued for delivery in Louisiana and arising out of ownership, maintenance, or use of a motor vehicle registered in Louisiana and designed for use on public highways must provide UM motorist coverage equal to the liability coverage provided for bodily injury, unless UM coverage has been validly rejected or lower UM limits have been selected. Jones v. Henry, 542 So.2d 507, 508 (La. 1989). The requirement that there be UM coverage is an implied amendment of any automobile liability policy, even one which does not expressly address the subject matter, as UM coverage will be read into the policy unless validly rejected. Roger v. Estate of Moulton, 513 So.2d 1126, 1130 (La.1987). Moreover, as held by the Supreme Court in Howell v. Balboa Ins. Co., 564 So.2d 298, 301-302 (La.1990), "UM coverage attaches to the person of the insured, not the vehicle, and ... any provision of UM coverage purporting to limit insured status to instances involving a relationship to an insured vehicle contravenes La. R.S. 22:1406(D). In other words, any person who enjoys the status of insured under a Louisiana motor vehicle liability policy which includes uninsured/underinsured motorist coverage enjoys coverage protection simply by reason of having sustained injury by an uninsured/underinsured motorist."
In interpreting the provisions of an insurance policy, there are well-settled principles which are followed. An insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Civil Code. Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co., 93-0911 (La.1/14/94), 630 So.2d 759. The judicial responsibility in interpreting insurance contracts is to determine the parties' common intent. La. C.C. art. 2045. An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. Louisiana Ins. Guar. Ass'n, 630 So.2d at 763. Absent a conflict with statutory provisions or public policy, insurers, like other individuals, are entitled to limit their liability and to impose and to enforce reasonable conditions upon the policy obligations they contractually assume. Id.
With these settled principles of construction in mind, we turn to the contractual terms of the Royal policy to determine whether it extended UM coverage to Chesser at the time of the accident. The Royal policy is an automobile liability policy. Chesser is the named insured under the policy. Therefore, as statutorily required, UM coverage must have also been provided for Chesser unless it was validly rejected. Based on our review of the policy provisions herein, there was no rejection of UM coverage. To the contrary, UM coverage was provided under a separate endorsement and expressly provided: "We [Royal] will pay all sums the `insured' is legally entitled to recover as compensatory damages from the owner or driver of an `uninsured motor vehicle.'" There are no applicable exclusions to coverage in the endorsement. As the insured under the policy, Chesser was provided UM coverage and that coverage attaches to the person of the insured and not the vehicle. Therefore, we find that the Royal policy through its terms and provisions, as well as by law, provided UM coverage to Chesser at the time of this accident.
Royal relies on the case of Magnon v. Collins, 98-2822 (La.App. 5th Cir.7/7/99), 739 So.2d 191, in support of its argument that if there was no liability coverage under the policy for the accident then there was no UM coverage. However, we find *616 that reliance on that case, under the facts here, is misplaced. In Magnon, the plaintiff's UM carrier, State Farm, had filed a third-party action against Vigilant Insurance Company (Vigilant), Magnon's employer's UM carrier, arguing that they also provided UM coverage since Magnon was in the course and scope of his employment at the time of the accident. The issue decided in the case was whether Magnon was an insured under the Vigilant policy at all and not, as here, whether, as an insured, UM coverage applies.
As stated by the Supreme Court in Howell v. Balboa, Ins. Co., 564 So.2d at 301-302:
The purpose of the UM statute is "to protect the insured at all times against the generalized risk of damages at the hands of uninsured motorists." Jones v. Henry, 542 So.2d 507, 508 (La.1989) (citing Block v. Reliance Insurance Co., 433 So.2d 1040 (La.1983)). The courts of this state have recognized, both impliedly and explicitly, that this coverage cannot be qualified by a requirement of a relationship with an insured vehicle. See, e.g., Elledge v. Warren, 263 So.2d 912, 918 (La.App. 3rd Cir.), writ denied, 262 La. 1096, 266 So.2d 223 (1972) ("[t]here is no requirement in the statute that the insured have any relation, at the time of the accident, with any vehicle he owns and that is insured with the insurer") (emphasis added); Griffin v. Armond, 358 So.2d 647, 649 (La.App. 1st Cir.1978) ("the intent of the statute ... [is] to provide protection to an insured who becomes the innocent victim ... even though the insured may be riding in a vehicle which is not insured under his own insurer's policy"); Hastings v. International Service Insurance Co., 490 So.2d 656, 659 (La.App. 2nd Cir.), writ denied, 493 So.2d 1223 (La.1986) ("[u]ninsured motorist coverage protects an insured without regard to whether the insured is in, or intends to enter, the insured vehicle"). See also Fisher v. Morrison, 519 So.2d 805 (La.App. 1st Cir.1987) (holding a "public conveyance" exclusion invalid under the UM statute; the exclusion was necessarily connected to a particular use of the insured vehicle).
* * *
We expressly hold that UM coverage attaches to the person of the insured, not the vehicle, and that any provision of UM coverage purporting to limit insured status to instances involving a relationship to an insured vehicle contravenes LSA-R.S. 22:1406(D). In other words, any person who enjoys the status of insured under a Louisiana motor vehicle liability policy which includes uninsured/underinsured motorist coverage enjoys coverage protection simply by reason of having sustained injury by an uninsured/underinsured motorist.
Royal's argument in support of summary judgment in its favor is based on the mistaken view that an insured only has UM coverage if he would have liability coverage under the specific circumstances presented. However, that position is not supported by the jurisprudence. The jurisprudence takes a broader view deciding whether the person was an insured under the policy at all. Where it is found that the person was an insured, then he has UM coverage regardless of whether the vehicle he was in at the time of the accident is covered for liability under the policy. Here, Chesser was the named insured in an automobile liability policy that provided UM coverage by separate endorsement without any applicable exclusions. Thus, under the terms of the policy, UM coverage was not excluded. Moreover, under the jurisprudence, as a *617 named insured in an automobile liability policy that did not reject UM coverage, he has UM coverage protection if he sustains injury by an uninsured or underinsured motorist. Howell v. Balboa, supra. Therefore, we find that the ruling granting summary judgment in favor of Royal upon a finding that there Royal did not afford UM coverage in favor of its insured, Chesser, is erroneous and must be reversed.
Accordingly, for these reasons the summary judgment rendered in favor of Royal is reversed and the case is remanded to the district court for further proceedings consistent with the views expressed herein. Costs of appeal are taxed to Royal.
REVERSED AND REMANDED.
NOTES
[1] La. R.S. 22:1406(D) was redesignated La. R.S. 22:608 by Acts 2003, No. 456, § 3. However, since the accident giving rise to the claim in this case occurred before the redesignation we have referenced the applicable statute as it appeared at the time of the accident.