GREMILLION, Judge,
dissents and assigns the following reasons.
hi respectfully dissent from the majority’s opinion and would reverse the trial court’s denial of Imperial Fire & Casualty Insurance Company’s summary judgment as it pertained to the uninsured/underin-sured motorist claims which may be asserted by Theodore Filipski.
There is no disagreement that the named driver endorsement executed by Mr. Filipski is valid and enforceable. However, the majority believes that the dispositive question is whether this endorsement operates to exclude Mr. Filipski from UM coverage. This is incorrect. Rather, the only important question here is whether the endorsement operates to exclude Mr. Filipski from liability coverage.
*1070 It is well-settled in our jurisprudence that the question of whether a policy provides liability coverage must be addressed first. Our supreme court in Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191, as well as a number of cases applying Magnon, have concluded that “any determination of whether a plaintiff is entitled to UM benefits must follow a determination that the plaintiff is an insured for purposes of auto liability insurance coverage.” Id. at 196. Indeed, the UM statute itself limits the extension of UM benefits to only the “persons insured” under a given automobile liability policy. La.R.S. 22:680(l)(a)(i).
The majority commits most of its discussion to the strong public policy in favor of UM coverage and to the fact that no proper UM waiver was executed. As to the 12public policy in favor of UM coverage, it is clear that:
Although Louisiana public policy strongly favors UM coverage and the liberal construction of the UM statute, it is well settled that a person who does not qualify as a liability insured under a policy of insurance is not entitled to UM coverage under the policy.
Magnon, 739 So.2d at 196. Furthermore:
Whether UM coverage was offered or validly rejected is relevant only if the claimant has qualified as a liability insured ... Thus, the question of whether UM coverage was offered or validly rejected is not relevant here.
Grace v. Crespo, 07-397, p. 10 (La.App. 1 Cir. 9/19/07), 970 So.2d 1007, 1014, writ denied, 07-2010 (La.12/7/07), 969 So.2d 636 (citations omitted).
Finally, I note that it is also well-settled that UM coverage attaches to the person of the insured, not the vehicle. Howell v. Balboa Ins. Co., 564 So.2d 298 (La.1990). This is relevant here because we are dealing with a named driver exclusion. Specifically, the person of Theodore E. Filipski, III, was validly excluded from liability coverage under this Imperial Fire & Casualty Insurance Company policy.
It is a fact that the person of Mr. Filip-ski was not covered under the liability portion of the subject policy. It is the law that when a person is not insured under the liability portion of an automobile liability policy, that person is not entitled to UM coverage. Thus, proper application of the law to the facts results in the unavoidable conclusion that the Imperial Fire & Casualty Insurance Company liability policy does not provide UM coverage for Mr. Filipski. I, therefore, respectfully dissent.