ARMSTRONG, C.J.,
dissents.
hi respectfully dissent. I agree with the position taken by Judge Bagneris in the instant case.
JONES, J.,
dissents.
hi respectfully dissent for the reasons assigned by Judge Bagneris.
BAGNERIS, J.,
dissents with reason.
hAs lead writer of Knight V. Edwards, 10-1474 (La.App. 4 Cir. 1/7/11) (unpub.), writ denied, 11-0245 (La.3/4/11), 58 So.3d 479, I respectfully dissent with the majority opinion. I find that in both cases (Knight and the instant matter), a genuine issue of material fact does not exist and I would grant writs and reverse the district *79 court’s denial of Imperial’s motion for partial summary judgment.
The extent of coverage is determined from the intent of the parties as reflected by the words of the insurance policy. Led-better v. Concord Gen. Corp., 95-0809 (La.1/6/96), 665 So.2d 1166. The role of the judiciary in interpreting insurance contracts is to ascertain the common intent of the insured and insurer as reflected by the words in the policy. Id. Moreover, when the words of an insurance contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent. La. C.C. art. 201.6.
In Louisiana, an insurer may limit liability and impose reasonable restrictions upon its policy obligations provided that such limitations do not conflict with statutory provisions or public policy. Bonin v. Westport Ins. Corp., 2005-0886, p. 5 (La.5/17/06), 930 So.2d 906, 911. In this rationale to the case at [2bar, I find that the definition of “insured person” in the Imperial policy does not violate the Louisiana Uninsured Motorist Statute.
The Uninsured Motorist Statute found at La. R.S. 22:1295 provides in pertinent part:
No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle designed for use on public highways and required to be registered in this state or as provided in this Section unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover nonpunitive damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death resulting therefrom; however, the coverage required under this Section is not applicable when any insured named in the policy either rejects coverage, selects lower limits, or selects economic-only coverage, in the manner provided in Item (l)(a)(ii) of this Section.
The clear language of Imperial’s policy only classifies an insured person as a person residing in the same household as the person listed on the declarations page.
Further, in Howell v. Balboa Ins. Co., 564 So.2d 298 (La.1990), the Louisiana Supreme Court held:
[T]hat UM coverage attaches to the person of the insured, not the vehicle, and that any provision of UM coverage purporting to limit insured status to instances involving a relationship to an insured vehicle contravenes LSA-R.S. 22:1406(D). In other words, any person who enjoys the status of insured under a Louisiana motor vehicle liability policy which includes uninsured/underinsured motorist coverage enjoys coverage protection simply by reason of having sustained injury by an uninsured/underin-sured motorist.
Id. at 801-302.
Both the liability portion and the uninsured motorist portion of the Imperial policy present two distinct definitions of “insured persons.” I find that Imperial’s | o,provisions limited insurance to “insured persons” under the uninsured/underin-sured motorist provisions of its policy to those who resided in the same household and were blood related to the named insured. Because uninsured motorist protection attaches to the person, plaintiffs can still pursue their claims via their personal uninsured/underinsured policies.
*80 I also chose to follow the legal analysis of our cohorts in the First Circuit in its reasoning in Batiste v. Dunn, 10-1812 (La. App. 1 Cir. 6/10/11), 68 So.3d 673 and agree that guest passengers do not fall within the definition of “insured persons”.
I respectfully dissent from the majority in this matter presented en banc.
LOVE, J.,
dissents and assigns reasons.
hi respectfully dissent for the reasons assigned by Judge Tobias.
TOBIAS, J.,
dissents and assigns Reasons.
hi respectfully dissent. I am constrained to follow the Louisiana Supreme Court’s mandates in Magnon v. Collins, 98-2822, pp. 5-6 (La.7/7/99), 739 So.2d 191, 196;[1] Howell v. Balboa Ins. Co., 564 So.2d 298, 301-02 (La.1990);[2] and Taylor v. Ro-well, 98-2865, p. 6 (La.5/18/99), 736 So.2d 812, 817,[3] all of which |aby clear analogy are applicable to the case now before us. The First Circuit’s majority decision in Batiste v. Dunn, 10-1812 (La.App. 1 Cir. 6/10/11), 68 So.3d 673, embraces Magnon and Howell and implicitly recognizes Taylor, albeit Louisiana’s strong public policy favoring uninsured/underinsured motorist (“UN/UIM”) coverage. If an insured may reject UM/UIM coverage, it follows that an insurer can define who is and who is not covered under that UM/UIM coverage, provided that any such restriction on coverage does not conflict with positive state law.
We now turn to the question of whether this UM coverage applies only to insureds or whether it extends to guest passengers in the rented vehicle. La.Rev.Stat. Ann. 22:1406(D)(1)(a) mandates UM coverage for the "protection of persons insured” under automobile liability policies in this state. We have previously held that La.Rev.Stat. Ann. 22:1406 requires that insurance policies provide uninsured motorist coverage only for persons insured under the policy. Seaton v. Kelly, 339 So.2d 731, 734. In Howell v. Balboa Insurance Co., 564 So.2d 298 (La.1990), we held that “any person who enjoys the status of insured under a Louisiana motor vehicle liability policy which includes uninsured/underinsured motorist coverage enjoys coverage protection simply by reason of having sustained injury by an uninsured/underinsured motorist.” Although our decision in Howell addressed the issue of whether UM coverage for an insured is limited to instances involving a relationship to an insured vehicle, the holding is nonetheless applicable to the instant situation. From both a statutory and jurisprudential standpoint, an insurer is only required to extend UM coverage to those persons who are insured under the liability policy. The Courts of Appeal have adhered to this line of jurisprudence requiring a person seeking to recover under UM coverage to be an insured under the policy.

. The Court said:
Although Louisiana's public policy strongly favors UM coverage and a liberal construction of the UM statute, it is well-settled that a person who does not qualify as a liability insured under a policy of insurance is not entitled to UM coverage under the policy.... [A]ny determination of whether a plaintiff is entitled to UM benefits must follow a determination that the plaintiff is an insured for purposes of auto liability insurance coverage.

. The Court stated:
... UM coverage attaches to the person of the insured, not the vehicle, and that provision of UM coverage purporting to limit insured status to instances involving a relationship to an insured vehicle contravenes LSA-R.S. 22:1406(D). In other words, any person who enjoys the status of the insured under a Louisiana motor vehicle liability policy which includes uninsured/ underin-sured motorist coverage enjoys coverage protection simply be reason of having sustained injuries by an uninsured/underin-sured motorist. [Emphasis in original.]

. The Court said: