PICKETT, Judge.
Plaintiff appeals the trial court’s judgment granting Empire Fire & Marine Insurance Company’s motion for partial summary judgment. For the following reasons, we reverse.
FACTS
On March 22, 1995, Nan Stunkard was a passenger in a truck driven by Henry Russell Smith. Smith was driving the truck in the course and scope of his employment with Dynasty Transportation, Inc. (Dynasty). The truck Smith was driving was leased to Dynasty and was insured by Empire Fire & Marine Insurance Company (Empire). Stun-kard was also employed by Dynasty as a hotshot driver, however, she was not on duty on this date. Stunkard áceompanied Smith on his run to Lafayette to ensure that Smith stayed alert and did not fall asleep.[1] Smith informed fetus supervisor, Mike Nicholson, that Stunkard would accompany him on the trip to Lafayette. While Smith and Stun-kard were traveling on U.S. Highway 90 in a westerly direction, the truck collided with a vehicle driven by Erica Langlinais, a minor. The vehicle was owned by Eric Langlinais, Erica’s father, and insured by State Farm Mutual Automobile Insurance Company (State Farm). As a result of the accident, Stunkard suffered injuries, and had to be hospitalized for surgery on her spine.
Thereafter, Stunkard filed suit against Erica Langlinais, Eric Langlinais, State Farm, Dynasty, and Smith on March 6,1996. Stun-kard amended her-petition, and added Empire as a defendant on May 14,1996. Subsequently, Empire filed a motion for partial summary judgment arguing that the Empire policy contained a valid rejection of uninsured motorist (UM) coverage and provided no medical payment coverage. Empire also argued that Stunkard was not an insured under the policy and, as such, was not entitled to UM protection even in the absence of a valid rejection of UM coverage. The trial court, after finding that the UM rejection was invalid, granted Empire’s motion for partial summary judgment on the ground that Stunkard was not an insured under the Empire policy. Stunkard now appeals.
OPINION
Stunkard asserts three assignments of error in her appeal, namely: (1) the trial court erred in failing to find that she was an “insured” under Section II — Liability Coverage, Sub-Section(6)(c) of Empire’s policy; (2) the trial court erred in failing to find that she was an “insured” under Section II — Liability Coverage, Sub-Section(6)(f) of Empire’s policy; and (8) the trial court erred in failing to find that she was an “insured” under the omnibus clause of Empire’s policy.
| oAppellate courts review summary judgments de novo applying the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Ponthier v. Brown’s Mfg., Inc., 95-1606 (La.App. 3 Cir. 4/3/96), 671 So.2d 1253. There are basically two steps in deciding whether to grant a summary judgment. *1119 First, the mover for summary judgment has the burden of affirmatively showing the absence of a genuine issue of material fact through the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any. Liem v. Austin Power, Inc., 569 So.2d 601 (La.App. 2 Cir.1990). A genuine issue is a triable issue of material fact. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730. A material fact is one whose existence or nonexistence may be essential to the plaintiffs cause of action under the applicable theory of recovery, i.e., one that would determine the outcome of the ease in a trial of the merits. Id. Second, after it has been established that there are no genuine issues of material fact, a summary judgment should only be granted if the mover is entitled to judgment as a matter of law. La.Code Civ.P art. 966.
Act No. 9 of the First Extraordinary Session of 1996 amended article 966 by adding:
(A)(2) The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends.
Article 966 was later amended by Act No. 483, § 1 of the 1997 Regular Session to clarify Act No. 9:
C. (1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted against an adverse party who fails to make a showing sufficient to establish the existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial.
In Dinger v. Shea, 96-448 (La.App. 3 Cir. 12/11/96), 685 So.2d 485, 488, this court previously commented on the amendment, as follows:
The new standard is equivalent to the federal courts’ view of the use of summary judgment. In other words, pursuant to the statute, summary judgment is now favored and should be applied liberally.
In the past, any doubt regarding the existence of material facts was to be resolved against granting the summary judgment, even if grave doubts existed as to a party’s ability to establish disputed facts at trial. Penton, [93-657 (La.App. 1 Cir. 3/11/94),] 633 So.2d 918 (citations omitted). The amendment does not change the law regarding burdens of proof, as the mover is still required to prove the absence of a genuine issue and his entitlement to judgment. Short v. Giffin, 96-0361 (La.App. 4 Cir. 8/21/96)[,] 682 So.2d 249; Walker v. Kroop, 96-0618 (La.App. 4 Cir. 7/24/96)[,] 678 So.2d 580. However, it now appears, based on the new language of section (C), that 'in order to rebut a showing made by the mover of the non-existence of a genuine issue of material fact, the nonmoving party will be held to a higher standard of proof, i.e. a non-moving party must sufficiently establish the existence of proof of an essential element of his claim on which he is to bear the burden of proving at trial.
In her first assignment of error, Stunkard contends that the trial court erred by failing to find that she was an insured under Section II — Liability Coverage, SubSection (6)(c) of the Empire policy. Subsection (6)(c) provides that an “insured” includes “[ajnyone else while using with your permission a covered ‘auto’ you own, hire or borrow ...” The trial court, in finding that Stunkard was not an insured under this provision, stated:
The policy gives no definition or other guidance on the meaning of the term “using.” A review of the jurisprudence reveals that there are some instances in which a non-operator may be deemed to be “using” a vehicle. (Citations omitted.)
However, the Court has found no ease (and none has been cited in brief by the parties hereto) that extends the definition of “using” to apply to a guest passenger who is in no way participating in the operation of the vehicle. In the Court’s opinion, to find that plaintiff was “using” the vehicle would require a strained interpretation inconsistent with the common meaning of the word, and beyond what could *1120 have been contemplated by the parties. Because plaintiff is not an “insured” for liability purposes, LSA R.S. 22:1406 does not mandate UM coverage in her favor.
¡sWe do not reach the same conclusion as the trial court. We have previously found that an “occupant” of a vehicle was “using” the vehicle in Stewart v. Robinson, 521 So.2d 1241 (La.App. 3 Cir.), appeal dismissed by parties, 526 So.2d 785 (La.1988).
In the Stewart case, Sharon Stewart and Cathy Loret were traveling to Little Rock, Arkansas, to participate in a fashion show as models for Universal Productions and Publications, Inc. (Universal). Both were employed by Universal.. Stewart and Loret were traveling to the show in Loret’s car. During their trip, Loret’s car was struck head-on by a vehicle driven by Susan Robinson. Robinson’s fault was the sole cause of the accident. As a result of the accident, Stewart suffered numerous injuries. Thereafter, Stewart filed suit against Robinson, Robinson’s liability insurer, and The Aetna Casualty and Surety Company (Aetna). Aet-na was sued under the UM coverage contained in the business, automobile policy that they issued to Stewart’s employer, Universal. Following a hearing on the merits, the trial court found that the Aetna business automobile policy did provide UM coverage to Stewart. Aetna appealed.
In denying coverage on appeal, this court stated:
As an “occupant” of the Loret vehicle, Ms. Stewart was “using” the vehicle. However, although using the Loret vehicle, plaintiff was not, while engaged in such use, an insured for purposes of liability under the Aetna policy.
Stewart, 521 So.2d at 1246.
We further explained:
In sum, we determine that the Aetna policy provides no contractual UM coverage for non-owned vehicles, specifically vehicles hired or borrowed from Universal’s employees. However, since an auto hired or borrowed from an employee is a “covered auto” for purposes of liability, coextensive UM coverage is statutorily mandated by La.R.S. 22:1406(D)(l)(a) but only in favor of those insured under the liability provisions of the Aetna policy, i.e., the partners or executive officers of | (¡Universal. Since plaintiff is not a partner or executive officer of Universal, she is not an insured under the Aetna policy for the purposes of liability and, therefore, UM coverage for her protection while using the Loret vehicle was not statutorily mandated.
Id. at 1248.
This matter is distinguishable from the Stewart case. As stated above, Sub-Section(6)(c) provides that an “insured” includes “[a]nyone else while using with your permission a covered ‘auto’ you own, hire or borrow ...” Pursuant to Stewart, there is no doubt that Stunkard, as an “occupant” or “passenger”, was “using” the truck driven by Smith. There is also no doubt that the truck driven by Smith was a covered “auto” under the Empire policy. The truck was leased to Dynasty and insured by Empire. Thus, if Stunkard was “using” the vehicle with Dynasty’s permission, she would be considered an insured under Sub-Section (6)(c).
Permission may be either express or implied. In the absence of express permission, implied permission generally arises from a course of conduct by the named insured involving acquiescence in, or lack of objection to, the use of the vehicle. Francois v. Ybarzabal, 483 So.2d 602 (La.1986). Whether an automobile is operated with the express or implied permission of the named insured is to be determined according to the facts and circumstances of each particular case. Malmay v. Sizemore, 493 So.2d 620 (La.1986).
In the instant ease, it was company policy to allow other employees to accompany drivers on runs. Stunkard was an employee of Dynasty. Stunkard had accompanied Smith on prior runs. Smith informed his supervisor that Stunkard would accompany him on the run. Therefore, although Stun-kard had not received express authorization to accompany Smith on the run, the facts and circumstances indicate she was given implied permission.
*1121 ^Accordingly, we find Stunkard to be an insured under Section II — Liability Coverage, Sub-Section (6)(e) of the Empire policy. The trial court erred in deciding to the contrary. Stunkard’s remaining assignments of error will not be entertained, as they are deemed moot.
DISPOSITION
For the foregoing reasons, the trial court’s judgment granting Empire’s motion for partial summary judgment is reversed. The matter is remanded for further proceedings. All costs of this appeal are assessed to the appellee.
REVERSED AND REMANDED.

. In his deposition, Smith testified that Dynasty allowed other employees to accompany drivers on runs.