923 So.2d 704 (2005)
Brent LAMBERT
v.
Micah D. LAVIGNE, State Farm Mutual Automobile Insurance Company, and Allstate Insurance Company.
No. 2004 CA 1961.
Court of Appeal of Louisiana, First Circuit.
September 23, 2005.
*705 Barry J. Landry, Reserve, Counsel for Plaintiff/Appellant Brent Lambert.
Judy Y. Barrasso, Celeste Coco-Ewing, New Orleans, Counsel for Defendant/Appellee Allstate Insurance Company.
Before: WHIPPLE, McCLENDON, and WELCH, JJ.
WHIPPLE, J.
This appeal challenges a trial court's determination that a personal liability umbrella policy issued to the owner of a vehicle involved in an accident did not afford uninsured motorist coverage to a guest passenger injured in that accident. We affirm.

BACKGROUND
On December 3, 2000, Brent Lambert was a guest passenger in a vehicle driven by Amy Nicholas and owned by her father, Larry Nicholas, when they were involved in an automobile accident in East Baton Rouge Parish with a vehicle driven by Micah Lavigne. Lambert filed this lawsuit on September 24, 2001 against Lavigne, Lavigne's insurer State Farm Mutual Automobile Insurance Company, as well as Allstate Insurance Company, which issued a primary automobile insurance policy and a personal umbrella policy to Larry Nicholas. Alleging that the accident was caused solely by the fault of Lavigne, an uninsured motorist, Lambert sought to recover under the uninsured motorist (UM) coverages provided for in the policies issued to Nicholas.
On March 1, 2002, the trial court signed a partial judgment dismissing Lambert's claims against Lavigne and State Farm. Because Lambert qualified as an insured under the primary automobile policy, which extended UM coverage to occupants of the insured vehicle, Allstate tendered the policy's $100,000.00 UM limits to Lambert. However, it filed a motion for summary judgment seeking a determination that the umbrella policy did not afford UM coverage to Lambert. Allstate asserted that Lambert was not an "insured" under the umbrella policy, which defines insureds for the purpose of UM coverage to include only the named insured and any resident relative and their legal representative. In support of its motion, Allstate introduced both policies of insurance issued to Larry Nicholas, as well as evidence demonstrating that Lambert was not a resident relative of Nicholas' household on the date of the accident. In opposition to the motion, Lambert submitted the Allstate policy as well as a provision of the UM law that he urged mandated coverage for his injuries. Lambert argued that Allstate's policy impermissibly attempted to limit the statutorily mandated UM coverage for an injured occupant of an insured automobile, and therefore, he was entitled to recover under Allstate's umbrella policy.
Following a hearing, the trial judge observed that the primary automobile policy and the umbrella policy were separate and distinct policies. He noted that each of *706 the policies contained different definitions of an "insured," and while Lambert was an insured under the primary policy and collected the UM limits thereunder, Lambert did not meet the definition of an insured in the umbrella policy and could not recover under that policy. Finding that the excess coverage provided for in the umbrella policy was not statutorily mandated, the trial judge granted summary judgment in favor of Allstate.
This appeal, taken by Lambert, followed.

DISCUSSION
Appellate courts review the grant or denial of a motion for summary judgment de novo. Magnon v. Collins, 98-2822, p. 5 (La.7/7/99), 739 So.2d 191, 195. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B); Id.
An insurance policy is a conventional obligation that constitutes the law between the insured and insurer, and the agreement governs the nature of their relationship. LSA-C.C. art. 1983; Peterson v. Schimek, 98-1712, p. 4 (La.3/2/99), 729 So.2d 1024, 1028. Absent a conflict with statutory provisions or public policy, insurers, like other individuals, are entitled to limit their liability and to impose and enforce reasonable conditions upon the policy obligations they contractually assume. Thus, if the policy wording at issue is clear and unambiguously expresses the parties' intent, the insurance contract must be enforced as written. Magnon, 98-2822 at p. 7, 739 So.2d at 196-197.
Under Louisiana's UM statute, LSA-R.S. 22:1406, automobile liability insurance must provide UM motorist coverage equal to the liability provided for bodily injury, unless UM coverage has been validly rejected or lower UM limits have been selected. Magnon, 98-2822 at p. 5, 739 So.2d at 195. Although Louisiana's public policy strongly favors UM coverage and a liberal construction of the UM statute, it is well-settled that a person who does not qualify as a liability insured under a policy of insurance is not entitled to UM coverage under the policy. Id. at 196. In other words, a claimant must be an "insured" under the policy's auto liability coverage to be entitled to UM coverage.
It is undisputed in this case that Lambert does not meet the personal umbrella policy's narrowly drawn definition of an "insured" for the purposes of UM coverage, which defines an insured to include Larry Nicholas and relatives residing in his household.
Nevertheless, Lambert insists that the UM law mandates that Allstate extend UM coverage provided for in the umbrella policy to persons who are injured while occupying an automobile owned by the named insured. In support of this argument, Lambert cites a section of the UM law, LSA-R.S. 22:680(1)(c)(i), commonly referred to as the "anti-stacking" provision. He contends that the language of Allstate's policy regarding other insurance conflicts with the mandatory language of the anti-stacking provision, and thus impermissibly excludes him from UM coverage.
Lambert's reliance on the anti-stacking provision, however, is misplaced. This provision does not delineate those persons to whom UM insurance coverage must be made available. Rather, this provision prohibits the stacking of multiple UM coverages available to the same insured except under limited circumstances. The question of stacking only arises once it is determined that the person seeking to cumulate *707 benefits on two or more UM coverages is an "insured" under the terms of those policies. Pitts v. Fitzgerald, XXXX-XXXX, p. 8 (La.App. 1 Cir. 5/10/02), 818 So.2d 847, 853. Since Lambert is not an insured under Nicholas' personal umbrella policy, this provision has no bearing on the coverage dispute at issue in this case.
Although the result mandated by the policy language seems onerous, given the nature and purpose of an umbrella policy, i.e., to afford an added layer of protection to consumers who obtain such policies, we must conclude the parties are bound by the policy language as written. Thus, in line with the established jurisprudence, we find that an excess insurer is not required, by existing statute or public policy, to provide UM coverage to a guest passenger injured in an automobile owned by its insured.[1] Accordingly, we find that the trial court correctly granted summary judgment in favor of Allstate. All costs of this appeal are assessed to appellant, Brent Lambert.
AFFIRMED.
McCLENDON, J., concurs.
NOTES
[1] In so concluding, we observe that none of the parties have raised the issue of whether this purported recent change in the language of the Allstate policy was approved by the Insurance Commissioner. Thus, this issue is not before us.