PER CURIAM.
 
 *
 

 | jWe granted certiorari in this matter to consider whether the statutory provision allowing for exclusion of a driver from liability coverage under an insurance policy also bars that driver from recovering under the policy’s uninsured motorist coverage. For the reasons that follow, we conclude that a driver who is excluded from an insurance policy’s liability coverage is also precluded from recovering under the policy’s uninsured motorist coverage.
 

 FACTS AND PROCEDURAL HISTORY
 

 This case arises from an automobile accident in which a 1997 Chevrolet pick-up truck driven by plaintiff, Theodore Filip-ski, III, was struck by an uninsured drunk driver. As a result of the accident, plaintiff filed the instant suit against his uninsured motorist (“UM”) earner, Imperial Fire & Casualty Insurance Company (“Imperial”).
 

 In response to plaintiffs action, Imperial filed a motion for summary judgment, arguing that plaintiff was an “excluded driver” under the policy. According to |2Imperial, the parties, in accordance with La. R.S. 32:900(L),
 
 [1]
 
 signed an “Exclusion of Named Driver Endorsement” agreeing that “no coverage shall be afforded while the insured vehicle is being driven by” plaintiff.
 
 [2]
 
 Imperial further states that
 
 *744
 
 plaintiff agreed to enter the agreement in exchange for a reduced premium due to his poor driving record.
 

 Plaintiff opposed Imperial’s motion for summary judgment. He argued the endorsement only applied to liability coverage, not UM coverage. In addition, plaintiff denies that Imperial reduced his premium in exchange for the waiver.
 

 | ¡¡After a hearing, the district court denied Imperial’s motion “as it pertains to the uninsured/underinsured motorist claim which may be asserted by Theodore Filip-ski.”
 
 [3]
 

 Imperial sought supervisory review of the district court’s judgment denying summary judgment as to UM coverage. The court of appeal denied the writ. Imperial then applied to this court. We unanimously granted the writ, and remanded it to the court of appeal for briefing, argument and opinion.
 
 Filipski v. Imperial Fire & Cas. Ins. Co.,
 
 08-1494 (La.10/10/08), 993 So.2d 1271.
 

 On remand, the court of appeal again denied the writ in a split decision.
 
 Filipski v. Imperial Fire & Cas. Ins. Co.,
 
 08-431 (La.App. 3rd Cir. 4/8/09), 9 So.3d 1065. The majority explained that Louisiana has historically maintained a strong public policy in favor of UM coverage. It found that although plaintiff rejected liability coverage, there was no evidence in the record demonstrating that he specifically rejected UM coverage. Accordingly, the court determined that because Imperial did not obtain a statutorily-mandated rejection of UM coverage from plaintiff, it was required to provide such coverage.
 

 One judge dissented. Relying on jurisprudence from this court, the dissenting judge found that any determination of whether plaintiff is entitled to UM benefits must follow a determination that the plaintiff is an insured for purposes of auto liability insurance coverage. Because plaintiff was not covered under the liability portion of the subject policy, the dissenting judge concluded plaintiff was not entitled to UM coverage.
 

 Upon Imperial’s application, we granted certiorari.
 
 Filipski v. Imperial Fire & Cas. Ins. Co.,
 
 09-1013 (La.6/26/09), 11 So.3d 495.
 

 J4DISCUSSION
 

 La. R.S. 32:900(L) is an exception to the general rule of omnibus coverage as provided in La. R.S. 32:861 and La. R.S. 32:900. The purpose of this provision is to allow the named insured the option of paying a reduced premium in exchange for insurance that affords no coverage while a covered vehicle is operated by the excluded driver.
 
 Joseph v. Dickerson,
 
 99-1046 at p. 9 (La.1/19/00), 754 So.2d 912, 917.
 

 Plaintiff does not dispute Imperial’s contention that he was excluded from coverage for liability purposes. Nonetheless, plaintiff urges us to find that UM coverage should attach unless specifically rejected in the statutorily-mandated form.
 

 We disagree. In
 
 Magnon v. Collins,
 
 98-2822 at pp. 5-6 (La.7/7/99), 739 So.2d 191, 195-196, we explained that a person must be an “insured” for liability purposes in order to be entitled to UM coverage:
 

 
 *745
 
 Under Louisiana’s UM statute, La. R.S. § 22:1406, automobile liability insurance delivered or issued for delivery in Louisiana and arising out of ownership, maintenance, or use of a motor vehicle registered in Louisiana and designed for use on public highways must provide UM motorist coverage equal to the liability provided for bodily injury, unless UM coverage has been validly rejected or lower UM limits have been selected. The requirement that there be UM coverage is an implied amendment of any automobile liability policy, even one which does not expressly address the subject matter, as UM coverage will be read into the policy unless validly rejected. Although Louisiana’s public policy strongly favors UM coverage and a liberal construction of the UM statute, it is well-settled that a person who does not qualify as a liability insured under a policy of insurance is not entitled to UM coverage under the policy. In other words, a plaintiff must be an “insured” under auto liability coverage to be entitled to UM coverage, [citations omitted; emphasis added].
 

 Similarly, in
 
 Howell v. Balboa Ins. Co.,
 
 564 So.2d 298, 301-302 (La.1990), we reasoned that because UM insurance follows the person rather than the vehicle, |sthe court must determine whether a plaintiff is an insured for liability purposes in order to determine whether he is entitled to UM coverage:
 

 We expressly hold that UM coverage attaches to the person of the insured, not the vehicle, and that any provision of UM coverage purporting to limit insured status to instances involving a relationship to an insured vehicle contravenes LSA-R.S. 22:1406(D). In other words, any person who enjoys the status of insured under a Louisiana motor vehicle liability policy which includes uninsured/underinsured motorist coverage enjoys coverage protection simply by reason of having sustained injury by an uninsured/underinsured motorist, [emphasis added].
 

 This jurisprudence leads to the inescapable conclusion that a person who is not insured for liability purposes cannot be considered an insured for UM purposes. In the instant case, it is undisputed that plaintiff is not an insured for purposes of liability coverage as a result of the named driver exclusion; therefore, he cannot be an insured for UM purposes. Any other interpretation would fail to recognize the validity of the exclusion provided for in La. R.S. 32:900(L), thereby imposing on the insurer a coverage obligation that is not commensurate with the premium paid.
 
 See Williams v. Watson,
 
 01-0495 (La.10/16/01), 798 So.2d 55.
 

 Accordingly, the district court erred in failing to grant Imperial’s motion with regard to UM coverage.
 

 DECREE
 

 For the reasons assigned, the judgment of the district court, insofar as it denied the motion for summary judgment filed by Imperial Fire & Casualty Insurance Company on the issue of uninsured motorist coverage, is reversed. The motion for summary judgment is hereby granted in its entirety, and plaintiffs suit against Imperial Fire & Casualty Insurance Company is dismissed with prejudice. All costs in this court are assessed against plaintiff.
 

 *
 

 Judge Benjamin Jones, of the Fourth Judicial District Court, assigned as Justice
 
 Pro Tem-pore,
 
 participating in the decision.
 

 [1]
 

 . La. R.S. 32:900(L) provides:
 

 L. (1) Notwithstanding the provisions of Paragraph (B)(2) of this Section, an insurer and an insured may by written agreement exclude from coverage the named insured and the spouse of the named insured. The insurer and an insured may also exclude from coverage any other named person who is a resident of the same household as the named insured at the time that the written agreement is entered into, and the exclusion shall be effective, regardless of whether the excluded person continues to remain a resident of the same household subsequent to the execution of the written agreement. It shall not be necessary for the person being excluded from coverage to execute or be a party to the written agreement. For the purposes of this Subsection, the term "named insured” means the applicant for the policy of insurance issued by the insurer.
 

 (2) The form signed by the insured or his legal representative which excludes a named person from coverage shall remain valid for the life of the policy and shall not require the completion of a new driver exclusion form when a renewal, reinstatement, substitute, or amended policy is issued to the same named insured by the same insurer or any of its affiliates. Any changes to an existing policy, including but not limited to the addition of vehicles or insured drivers to said policy, regardless of whether these changes create new coverage, do not create a new policy and do not require the completion of a new agreement excluding a named person from coverage. For the purpose of this Subsection, a new policy shall mean an original contract of insurance which an insured enters into through the completion of an application on the form required by the insurer.
 

 [2]
 

 . The "Exclusion of Named Driver Endorsement” provides, in pertinent part:
 

 It is agreed that as of the effective date, this policy is amended as follows: in consider
 
 *744
 
 ation of the premium charged, it is hereby agreed and understood that no coverage shall be afforded while the insured vehicle is driven by Theodore Filipski, III (01/30/61).
 

 [3]
 

 . The district court granted the motion insofar as it pertained to the liability portion of plaintiff’s policy. Neither party has sought review of this portion of the district court's judgment.