McClendon, j.
lain this appeal, the plaintiffs challenge a trial court judgment in favor of the insurer, determining that an automobile liability insurance policy issued to the owner of the vehicle involved in an accident did not afford uninsured/underinsured motorist (UM) coverage to guest passengers injured in the accident. We affirm.
FACTUAL AND PROCEDURAL BACKGROUND
On August 24, 2008, Hiram Batiste, La-dasha Batiste, Alicia Batiste, Jamarious Batiste, Lacey Taylor, and Ransom Taylor were guest passengers in a vehicle owned and operated by Erica Batiste, when they were involved in an automobile accident in Tangipahoa Parish with a vehicle driven by Matthew Bazile and owned by his mother, Monica Dunn. Ms. Batiste, individually and on behalf of her minor children, Hiram Batiste, Ladasha Batiste, Alicia Batiste, and Jamarious Batiste; and Audrey Taylor, on behalf of Lacey Taylor; and Ransom Taylor, filed a petition for damages on August 10, 2009, against Ms. Dunn; Ms. Bazile; Ms. Dunn’s automobile liability insurer, Allstate Insurance Company (Allstate); and Ms. Batiste’s automobile liability insurer, Imperial Fire and Casualty Insurance Company (Imperial). Imperial filed an answer admitting that it issued an automobile liability insurance policy to Ms. Batiste, which also included UM coverage benefits.
On February 17, 2010, following the compromise and settlement of all matters between the plaintiffs and Ms. Dunn, Mr. Bazile and Allstate, a Joint Motion and Order of Dismissal with Prejudice was filed and signed by the trial court. Thereafter, the remaining defendant, Imperial, filed a motion for partial summary judgment seeking a determination that its policy did not afford UM insurance coverage in connection with the automobile accident at issue to Audrey Taylor on behalf of Lacey Taylor, and Ransom Taylor. Imperial asserted that Lacey Taylor and Ransom Taylor, who were guest passengers in the vehicle insured by Imperial, were not “insured persons” under the terms of the policy for purposes of UM coverage. In support of its motion, Imperial submitted its policy |sof insurance, as well as interrogatories and answers demonstrating that *675 neither Lacey Taylor nor Ransom Taylor were related by blood, adoption, or marriage to Ms. Batiste. Audrey Taylor, on behalf of Lacey Taylor, and Ransom Taylor, opposed the motion, arguing that they would be considered insureds under the liability portion of the policy and, therefore, were insured persons for purposes of UM coverage.
Following a hearing on April 12, 2010, the trial court granted summary judgment in favor of Imperial. Judgment was signed on April 27, 2010, in favor of Imperial finding that Audrey Taylor, on behalf of Lacey Taylor, and Ransom Taylor, were not insured for UM benefits under the policy issued by Imperial and, therefore, were not entitled to recover UM coverage from Imperial, so that their claims against Imperial were dismissed with prejudice. The trial court judgment further recognized that its ruling did not affect the UM insurance coverage as it related to the other remaining plaintiffs. This appeal by Audrey Taylor, on behalf of Lacey Taylor, and Ransom Taylor (plaintiffs) followed.[1]
DISCUSSION
Appellate courts review the grant or denial of a motion for summary judgment de novo. Magnon v. Collins, 98-2822, p. 5 (La.7/7/99), 739 So.2d 191, 195; Lambert v. Lavigne, 04-1961, p. 3 (La.App. 1 Cir. 9/23/05), 923 So.2d 704, 706, writ denied, 05-2283 (La.3/10/06), 925 So.2d 515. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966 B; Lambert, 04-1961 at p. 3, 923 So.2d at 706.
14An insurance policy is a conventional obligation that constitutes the law between the insured and insurer, and the agreement governs the nature of their relationship. LSA-C.C. art. 1983; Lambert, 04-1961 at pp. 3-4, 923 So.2d at 706. The goal of judicial interpretation of a policy’s wording is to determine the common intent of the contracting parties. See LSA-C.C. art. 2045; Cadwallader v. Allstate Ins. Co., 02-1637, p. 3 (La.6/27/03), 848 So.2d 577, 580; Grace v. Crespo, 07-0397, p. 5 (La. App. 1 Cir. 9/19/07), 970 So.2d 1007, 1012, writ denied, 07-2010 (La.12/7/07), 969 So.2d 636. Absent a conflict with statutory provisions or public policy, insurers, like other individuals, are entitled to limit their liability and to impose and enforce reasonable conditions upon the policy obligations they contractually assume. Thus, if the policy wording at issue is clear and unambiguously expresses the parties’ intent, the insurance contract must be enforced as written. Magnon, 98-2822 at p. 7, 739 So.2d at 196-97; Lambert, 04-1961 at p. 4, 923 So.2d at 706. Further, an insurance contract or policy should not be interpreted in an unreasonable manner under the guise of contractual interpretation to enlarge or restrict the applicable provisions beyond what is reasonably understood from unambiguous terms. The rules of construction simply do not authorize a ma *676 nipulation or perversion of the contract’s language to create an ambiguity where none exists. Cadwallader, 02-1637 at p. 3, 848 So.2d at 580; Grace, 07-0397 at p. 6, 970 So .2d at 1012.
Under Louisiana’s UM statute, automobile liability insurance must provide UM motorist coverage equal to the liability provided for bodily injury, unless UM coverage has been validly rejected or lower UM limits have been selected. See LSA-R.S. 22:1295.[2] The purpose of the UM statute is to protect the insured against the generalized risk of damages at the hands of uninsured motorists. Howell v. Balboa Ins. Co., 564 So.2d 298, 301-02 (La.1990). Although Louisiana’s public policy strongly favors UM coverage and a liberal construction of |sthe UM statute, it is well-settled that a person who does not qualify as a liability insured under a policy of insurance is not entitled to UM coverage under the policy. Magnon, 98-2822 at p. 5, 739 So.2d at 195-96; Lambert, 04-1961 at p. 4, 923 So.2d at 706. In Howell, the supreme court reasoned that because UM insurance follows the person rather than the vehicle, a court must determine whether a plaintiff is an insured for liability purposes in order to determine whether he is entitled to UM coverage. Howell, 564 So.2d at 301. In other words, a claimant must be an “insured” under the policy’s auto liability coverage to be entitled to UM coverage. Magnon, 98-2822 at p. 6, 739 So.2d at 196; Lambert, 04-1961 at p. 4, 923 So.2d at 706. See also Filipski v. Imperial Fire & Cas. Ins. Co., 09-1013, p. 5 (La.12/1/09), 25 So.3d 742, 745.
With these principles in mind, we examine the applicable policy provisions. Part C of the Imperial insurance policy sets forth UM coverage and defines an “insured person” or “insured persons” as:
1. you or a person residing in the same household as you, and related to you by blood, marriage, or adoption, including a ward, stepchild, or foster child; and
2. Any person who is entitled to recover damages covered by this Part C because of bodily injury sustained by a person described in 1 above.
“You” is defined in the policy as “the person shown as the named insured on the Declarations Page, and that person’s spouse if residing in the same household and holding a valid driver’s license.” Erica Batiste is the only named insured on the declarations page and plaintiffs are not related to Ms. Batiste. Thus, under its clear terms, unlike some policies that include occupants within the definition of “insured persons” under the UM provisions of the insurance policy, the policy herein does not so provide.
However, plaintiffs argue that this language violates Louisiana’s UM statute by failing to provide UM coverage for all persons classified as a liability “insured person” and violates public policy.[3] Plaintiffs maintain that they fit | ¿within the definition of “insured persons” under the liability portion of Imperial’s policy and, therefore, must be considered “insured persons” under the UM portion of the policy as well. They contend that Imperial is attempting to circumvent the UM statute by defining *677 an insured person for the purposes of UM coverage differently than an insured person for purposes of liability coverage.
 As previously stated, it is well-settled that UM coverage attaches to the person of the insured, not the vehicle. Howell, 564 So.2d at 301. Any determination of whether a plaintiff is entitled to UM benefits must follow a determination that the plaintiff is an insured for purposes of auto liability insurance coverage. Magnon, 98-2822 at p. 6, 739 So.2d at 196. Thus, the argument that someone is insured for UM coverage simply because they occupy an insured vehicle and sustained injury due to an uninsured motorist is clearly contrary to well-established law.
Part A of the Imperial policy sets forth the provisions for liability coverage. Under Part A, “insured person” or “insured persons” is defined as:
1. you or a relative with respect to an accident arising out of the ownership, maintenance, or use of a covered vehicle;
2. any person with respect to an accident arising out of that person’s use of a covered vehicle with the express or implied permission of you;
3. You or a relative with respect to an accident arising out of the maintenance or use of a non-owned vehicle with the express or implied permission of the owner of the vehicle; and
4. any Additional Interests Insured designated by you in your application or by a change request agreed to by us, with respect to liability for an accident arising out of the use of a covered vehicle or non-owned vehicle by a person described in 1, 2, or 3 above.
Plaintiffs argue that they were “using” the vehicle as passengers with the express permission of the named insured as defined in the policy. Thus, they contend, they were insured persons under the second definition in Part A.
The petition for damages filed in this matter provided, in pertinent part:
Petitioner, Erica Batiste, was operating and Hiram Batiste, Ladasha Batiste, Alicia Batiste, Jamarious Batiste, Lacey Taylor, and Ransom Taylor were riding as guest passengers in Erica Batiste’s 172000 Dodge Caravan, which was headed northbound on 7th Street in Poncha-toula, Louisiana in Tangipahoa Parish. Defendant, Matthew Bazile’s vehicle, a 2001 Ford Explorer owned by Monica Dunn and being operated with permission by Defendant, was traveling westbound on West Hickory Street, pulled out into Petitioner’s lane of traffic from the side street, and therefore caused a collision to occur between the two vehicles.
By the plain terms of the insuring agreement, we cannot find that the accident arose out of plaintiffs’ use of the vehicle. To find that plaintiffs were “using” the vehicle simply because they were riding as guest passengers would require a strained interpretation inconsistent with the meaning of the word and beyond what could have been contemplated by the parties. Further, even were we to assume that plaintiffs were “using” Ms. Batiste’s vehicle, the accident at issue did not arise out of said use. The “use” provision is designed to limit coverage to liability resulting from conduct of the insured which constitutes both a use of the vehicle and a legal cause of the injury. See Carter v. City Parish Government of East Baton Rouge, 423 So.2d 1080, 1084 (La.1982); Kessler v. Amica Mut. Ins. Co., 573 So.2d 476, 478 (La.1991). Clearly, the act of riding in the insured vehicle did not cause or contribute to the accident in this case. *678 The plain unambiguous wording of the policy simply cannot be manipulated to include plaintiffs’ interpretation. Accordingly, plaintiffs are not “insured persons” under the liability portion of Imperial’s insurance policy, and thus are not entitled to UM coverage under the statute.
As a result, Imperial was entitled as a matter of law to summary judgment finding that its policy did not provide UM coverage to plaintiffs under the facts presented herein.
CONCLUSION
For these reasons, the April 27, 2010 judgment of the trial court granting partial summary judgment in favor of Imperial Fire and Casualty Insurance Company, is affirmed. Costs of this appeal are assessed to plaintiffs, Audrey Taylor, on behalf of Lacey Taylor, and Ransom Taylor.
MOTION TO SUPPLEMENT RECORD DENIED; JUDGMENT AFFIRMED.
WHIPPLE, J., dissents & assigns reasons.

. With regard to Imperial’s motion to supplement the record with the rulings of the fourth circuit and the supreme court in the matter entitled Sharone Knight, et al. v. Navarro A. Edwards, et al., 10-1474 (La.App. 4 Cir. 1/7/11), writ denied, 11-0245 (La.3/4/11), 58 So.3d 479, said motion is hereby denied. It is inappropriate to supplement the record with matters not considered by the trial court. See Diamond B Constr. Co., Inc. v. Louisiana Dept. of Transp. and Dev., 00-1583, p. 17 (La.App. 1 Cir. 12/22/00), 780 So.2d 439, 449, writ denied, 01-0246 (La.4/20/01), 790 So.2d 633. However, see Rule 2-12.6.1 of the Uniform Rules of the Louisiana Courts of Appeal.

. Renumbered from LSA-R.S. 22:680 by Acts 2008, No. 415, § 1, eff. Jan. 1, 2009. Redes-ignated from LSA-R.S. 22:1406(D) by Acts 2003, No. 456, § 3.

. Our supreme court has noted that it is not the public policy of this state to protect and provide compensation to injured persons at all times and indicated that there is no public policy against excluding guest passenger UM coverage when the guest passengers are not insureds. See Taylor v. Rowell, 98-2865 (La.5/18/99), 736 So.2d 812.