WHIPPLE, J.,
dissenting.
| Louisiana Revised Statute 22:1295 governs the issuance of UM coverage and mandates, in pertinent part, as follows:
(l)(a)(i) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle designed for use on public highways and required to be registered in this state or as provided in this Section unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover nonpunitive damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death resulting therefrom....
Thus, under Louisiana’s UM statute, LSA-R.S. 22:1295, automobile liability insurance must provide UM motorist coverage equal to the liability limits provided for bodily injury, unless UM coverage has been validly rejected or lower UM limits have been selected. Lambert v. Lavigne, 2004-1961 (La.App. 1st Cir. 9/28/05), 923 So.2d 704, 706, writ denied, 2005-2283 (La.3/10/06), 925 So.2d 515. I also agree that it is well settled that a person who does not qualify as a “liability insured” under a policy of insurance is not entitled to UM coverage under the policy inasmuch as a claimant must be an “insured” under the policy’s automobile liability coverage to be entitle to UM coverage. Cf. Lambert, 923 So.2d at 706-707 (wherein a guest passenger was not entitled to UM coverage under |2the UM provisions of the driver’s father’s umbrella policy because he did not meet the narrowly drawn definition of an “insured” for purposes of UM coverage under the umbrella policy).
As the Supreme Court has recognized, uninsured motorist coverage embodies a strong public policy in this state. Taylor v. Rowell, 98-2865 (La.5/18/99), 736 So.2d 812, 816. Moreover, the Court reiterated its earlier pronouncement in Roger v. Estate of Moulton, 513 So.2d 1126, 1130 (La.1987), wherein the Court observed:
The object of the statute is to promote recovery of damages for innocent automobile accident victims by making UM coverage available for their benefit as primary protection when the tortfeasor is without insurance, and as additional *679 or excess coverage when he is inadequately insured.
To carry out this objective of providing reparation for those injured through no fault of their own, this Court has held that the statute is to be liberally construed. Thus, the requirement that there be UM coverage is an implied amendment of any automobile liability policy, even one which does not expressly address the subject matter, as UM coverage will be read into the policy unless validly rejected. [Citations omitted.]
As the majority correctly notes, a determination of whether UM coverage is available turns on whether the claimant is an “insured” under the policy’s liability coverage. Here, Part A of the Imperial policy sets forth the provision for liability coverage and specifically defines an “insured person,” in pertinent part as “any person with respect to an accident arising out of that person’s use of a covered vehicle with the express or implied permission of you.” Thus, in my view, Lacey Taylor and Ransom Taylor meet the definition of “insured persons” under the terms of the Imperial policy.
Further, although the Supreme Court did observe that, at least in the context of a self-insured rental car agency, “there is no public policy against excluding guest passenger UM coverage when the guest passengers are not insureds,” see Taylor, 736 So.2d at 818, such is not the case herein, where the claimants meet the definition of “insureds” under the liability provisions of the policy at issue.
Thus, pretermitting the threshold issue of whether the majority’s interpretation of the policy renders it contra bonos mores, I respectfully dissent from the majority’s determination, through a strained interpretation of the policy, that Lacey Taylor and Ransom Taylor are not “insured persons.” For these reasons, I respectfully dissent.