GUIDRY, Justice,
dissents and assigns reasons.
| J respectfully dissent from the majority opinion’s conclusion that the plaintiffs here *1006 are “insured persons” under the liability-portion of the policy in question. Under the facts of this case, I find the majority employs an overly broad interpretation of the insurance policy’s language limiting coverage to “an accident arising out of that person’s use of a covered vehicle.... ” The majority states: “[A]ll that is required is an adequate nexus between the vehicle and the accident.” Ante, p. 1005. The majority then finds the accident, wherein the plaintiffs were guest passengers sitting passively in the covered vehicle when it was struck by another vehicle, “unquestionably ... ‘flowed from’ and was connected to the [plaintiffs’] use” of the covered vehicle. The majority reasons there was a sufficient nexus between the act of sitting in the vehicle and the accident because the “accident causing the injury is connected with the normal or expected use of a vehicle.” Id., p. 1005. I disagree with the majority’s conclusion.
In the instant case, the parties concede the plaintiffs were not resident relatives under the underinsured/uninsured (hereafter “UM”) coverage portion found in Part C of the policy issued by Imperial Fire & Casualty Insurance Company (hereafter “Imperial”).[1] However, in light of the strong public policy in 12favor of UM coverage, and applying a liberal construction of the UM statute, La. R.S. 22:1295, this court has held that a person who qualifies as a liability insured under a policy of insurance is entitled to the UM coverage offered under the policy. Magnon v. Collins, 98-2822, p. 5 (La.7/7/99), 739 So.2d 191, 196 (collecting cases); Howell v. Balboa Ins. Co., 564 So.2d 298, 301-02 (La. 1990). Thus, as the majority notes, UM coverage in this particular case turns on whether the plaintiffs would be deemed “insured persons” for purposes of automobile liability insurance coverage. Filipski v. Imperial Fire & Cas. Ins. Co., 09-1013, p. 5 (La.12/1/09), 25 So.3d 742, 745.
Part A of the Imperial policy sets forth the provisions for liability coverage. Under Part A, “insured person” or “insured persons” are defined as:
1. you or a relative with respect to an accident arising out of the ownership, maintenance, or use of a covered vehicle;
2. any person with respect to an accident arising out of that person’s use of a covered vehicle with the express or implied permission of you....
The plaintiffs argue they were “using” the vehicle as passengers with the express permission of the named insured as defined in the policy. Thus, they contend, they were “insured persons” under the second definition in Part A and statutorily entitled to UM coverage.
I find the majority errs in concluding the accident in this case arose out of the plaintiffs’ use of the vehicle. I agree in principle with the reasoning of the court of appeal in Batiste v. Dunn, 10-1812 (La. App. 1 Cir. 6/10/11), 68 So.3d 673, 678, writ denied, 11-1498 (La.9/30/11), 71 So.3d 295, which interpreted identical language in a policy issued by Imperial. Even assuming the plaintiffs were “using” the covered vehicle by riding in it as guest passengers, the accident |sdid not arise out of their use of that vehicle. According to the plaintiffs’ petition, they were guest passengers in a *1007 vehicle owned and operated by the named insured when the vehicle was broadsided by an uninsured motor vehicle that had run through a stop sign. Thus, in my view, the accident did not arise out of, nor was it related to, the plaintiffs’ acts of sitting in the covered vehicle as guest passengers. Given these facts, the plaintiffs are not “insured persons” under the liability portion of Imperial’s insurance policy and, therefore, are not entitled to UM coverage under that policy.
CLARK, Justice, dissenting for reasons assigned by Justice GUIDRY.
hi dissent from the majority opinion for the reasons assigned by Justice Guidry.

. Part C of the Imperial insurance policy sets forth UM coverage and defines an "insured person” or "insured persons” as:
1. you or a person residing in the same household as you, and related to you by blood, marriage, or adoption, including a ward, stepchild, or foster child; and
2. Any person who is entitled to recover damages covered by this Part C because of bodily injury sustained by a person described in 1 above.