# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 12-513


**TASHA RUBIN BROOKS, ET AL.**

**VERSUS**

**IMPERIAL FIRE & CASUALTY INSURANCE COMPANY**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2010-5322
HONORABLE RONALD F. WARE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**BILLY HOWARD EZELL**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Oswald A. Decuir, Billy Howard Ezell, and Phyllis M. Keaty, Judges.


**REVERSED AND REMANDED.**

**Byron Andrew Richie**
**Richie, Richie & Oberle, LLP**
**P. O. Box 44065**
**Shreveport, LA 71134**
**(318) 222-8305**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Imperial Fire & Casualty Insurance, Company**

**Tina Louise Wilson**
**Cox, Cox, Filo, Camel & Wilson**
**723 Broad Street**
**Lake Charles, LA 70601(337) 436-6611**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Tasha Rubin Brooks, et al.**

**EZELL, Judge.**

Tasha Brooks appeals the decision of the trial court granting Imperial Fire and Casualty Insurance Company's motion for summary judgment and dismissing her claims. For the following reasons, we reverse the decision of the trial court.

On or about December 22, 2009, Ms. Brooks was riding as a guest passenger in a vehicle owned and operated by Brandi Weldon. That vehicle was rear-ended by an uninsured motorist. As a result of the vehicle collision, Ms. Brooks suffered bodily injuries. Imperial provided a policy of liability and uninsured/underinsured motorists (UM) coverage to Ms. Weldon and the 2004 Chevrolet Malibu in which Ms. Brooks was a passenger. As the tort-feasor was uninsured, Ms. Brooks brought the present suit against Imperial to recover damages under the UM policy.

Imperial filed a motion for summary judgment alleging that Ms. Brooks is not insured for UM purposes under its policy. Imperial's policy stated that an "insured person" for purposes of liability coverage was "any person with respect to an accident arising out of that person's use of a covered vehicle with the express or implied permission of the owner of the vehicle." Imperial argued that the "arising out of" language did not apply to a passive guest passenger, citing *Batiste v. Dunn*, 10-1812 (La.App. 1 Cir. 6/10/11), 68 So.3d 673, *writ denied*, 11-1498 (La. 9/30/11), 71 So.3d 295. The trial court agreed, granting Imperial's motion for summary judgment and dismissing Ms. Brooks' claims. From that decision, Ms. Brooks appeals.

Ms. Brooks asserts three assignments of error on appeal, all claiming that the trial court erred in granting Imperial's motion for summary judgment. We agree.

The Louisiana Supreme Court recently ruled in a nearly identical case involving the very Imperial policy language before this court. In *Bernard v. Ellis,* 11-2377, pp. 11-12 (La. 7/2/12) ___So.3d___, ___, the supreme court stated:

First, we find that Plaintiffs' act of riding as permissive guest passengers in [the insured's] vehicle is considered a "use" of the vehicle within the terms of the policy. The jurisprudence has consistently found that "use" of a vehicle is not limited to "operation" of a vehicle. Louisiana circuit courts have previously found that an occupant of a vehicle is "using" the vehicle. *See, e.g., Stunkard v. Langlinais,* 97–1006 (La.App. 3 Cir. 2/4/98), 708 So.2d 1117; *Cagle v. Playland Amusement Inc.,* 202 So.2d 396 (La.App. 4th Cir.1967); *Garvey v. Great Atlantic & Pacific Tea Co.,* 125 So.2d 634 (La.App. 4th Cir.1961); *Bolton v. North River Ins. Co.,* 102 So.2d 544 (La.App. 1st Cir.1958). This view is also widely supported by national jurisprudence. *See* 8 Couch on Insurance 3d, §§ 111.31, 119.37 (2011) (citing a multitude of national jurisprudence). "When 'use' is distinguished from 'operation,' it has been held that the former denotes the purpose for which the automobile was employed while the latter refers to its actual physical operation or manipulation of controls." *Id.* at § 119.37. "The term 'use' is a broad catchall designed to include all uses of the vehicle not falling within the terms 'ownership' or 'maintenance,' and involves simply employment for the purposes of the user." *Id.* Therefore, we hold the word "use" has a broader meaning than operation of the vehicle and generally includes any use of a vehicle related to its inherent purpose. The Plaintiffs, who were riding as guest passengers in the vehicle, were clearly using the vehicle in a manner related to the vehicle's inherent purpose (i.e., as a means of transportation).

According to Imperial, the "arising out of" language implies something more than use of the vehicle, and requires Plaintiffs take some action, or be an active force that results in the accident, in order to be covered under the liability section of its policy. Imperial suggests there is a distinction between "active" and "passive" use of a vehicle by a passenger. Imperial relies on *Batiste,* wherein the court found the accident did not arise out of the guest passenger's use of the vehicle because the "use" provision is "designed to limit coverage to liability resulting from an accident of the insured which constitutes both use of the vehicle and a legal cause of the accident." 68 So.3d at 677. We reject Imperial's argument and the court's holding in *Batiste.*

The supreme court went on to hold that:

As it applies to guest passengers, we consider the words "arising out of" to be general and comprehensive terms which should be construed liberally to extend coverage broadly. We define "arising out of" to mean "originating from," "growing out of," or "flowing from" the use. Thus, all that is required is an adequate nexus between the vehicle and the accident. Here, we can unquestionably say the accident "flowed from" and was connected to the Plaintiffs' use of the vehicle. The accident occurred as a result of a collision between two vehicles while the Plaintiffs were riding as passengers in one of the vehicles, and thus demonstrates a sufficient nexus to meet this requirement. There is no

2

requirement that the guest passengers be a legal cause of the accident. It is sufficient that the accident causing the injury is connected with the normal or expected use of a vehicle. After our review of the Imperial policy, the record, and relevant law, we find that Plaintiffs are liability insureds under the Imperial policy, and are thus entitled to UM coverage. Our holding is consistent with the object and public policy behind UM coverage, which is to provide full recovery for automobile accident victims when the tortfeasor is uninsured or not adequately insured by liability insurance. *See Hoefly,* 418 So.2d at 578.

*Id*. at 14-15.

It is clear from the supreme court's ruling in *Bernard* that Ms. Brooks is afforded UM coverage under Imperial's policy. The trial court, therefore, erred in granting Imperial's motion for summary judgment.

For the above reasons, we hereby reverse the decision of the trial court and remand this matter to the trial court for further proceedings. Costs of this appeal are assessed against Imperial.

**REVERSED AND REMANDED.**

3